## ADAMS v. WALLACE et al.

No. 12304—Opinion Filed Nov. 27, 1923.

1. **Fraudulent Conveyances—Action to Set Aside—Sufficiency of Petition.**

In an action to set aside an alleged fraudulent conveyance of real property, a petition which states in general terms the existence of a demand for $25,000, owing by defendant to plaintiff, will be sustained against a general demurrer and motion to dismiss, although the petition fails to state the exact character and nature of the demand alleged to be owing.

2. **Same—Statutes—Liberal Construction.**

The statutes against fraudulent conveyances should be liberally construed, so as to include within their protection all persons who have interests and demands of which they may be defrauded.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Action by H. M. Adams against John N. Wallace and Sarah F. Wallace. Judgment for defendants, and plaintiff appeals. Reversed.

Geo. W. Partridge and E. S. Lowther, for plaintiff in error.

C. G. Horner and F. H. McGuire, for defendants in error.

Opinion by FOSTER, C. H. M. Adams, plaintiff in error, plaintiff below, sued John N. Wallace and Sarah F. Wallace, defendants in error, defendants below, in the district court of Logan county, Okla., to set aside an alleged fraudulent conveyance. The parties will be referred to as they appeared in the court below.

From a judgment of the trial court sustaining defendants' demurrer and motion to dismiss his petition, the plaintiff appeals and assigns as error the action of the trial court in sustaining the demurrer and dismissing his action. Plaintiff's petition is as follows:

"Comes now said plaintiff and for his cause of action against the defendants alleges and states:

"That heretofore the plaintiff herein instituted a suit in the above named court, case number 3199, against the above named defendant. John N. Wallace, to recover the sum of $25,000 upon the grounds set forth in such suit. which is still pending in said court.

"That prior to the institution of said suit, the defendant, John N. Wallace, was the owner of the northeast quarter of section eighteen, in township sixteen north, range one west, in Logan county, state of Oklahoma; that within three days after the discovery by plaintiff of the matters charged in said suit, said defendant, John N. Wallace, conveyed said premises to his sister, Sarah F. Wallace, his codefendant herein, with whom he then and still makes his home; that said conveyance was placed of

record on the date of its execution, and that one and a half hours prior to such record there was placed on record a certain mortgage on said premises executed by the defendant, John N. Wallace, to the Logan County Bank on the .7th day of January, 1919, and not recorded till the 13th day of March, 1919; that said conveyance was subject to said mortgage and to other mortgages, all of which the grantee in said conveyance assumed and agreed to pay; but plaintiff states that the above described mortgage was paid by the defendant, John N. Wallace: and further, that the defendant, John N. Wallace, in pursuance of said conveyance never surrendered possession, or the use or control of said premises to his said sister; but retained the same, and falsely pretended to act therein as her agent.

"And plaintiff states that said conveyance by the defendant, John N. Wallace, to his said sister, was made without a fair and valuable consideration; that it was made in bad faith; that it was made for the purpose of hindering, delaying or defrauding this plaintiff, his creditor, from the collection of his claim made in said cause number 3199 against the said Wallace, and that said Wallace was, at the date of the execution of said conveyance, indebted to or under a legal liability to this plaintiff by reason of the matters and facts set forth in said cause.

"That the said sister of the said John N. Wallace was wholly and financially unable to purchase said premises for a fair consideration; that she was at the time of said conveyance fully cognizant of all the matters set forth in said cause number 3199, and of the evil purposes and bad faith of the defendant, John N. Wallace, in making said conveyance of said premises to her and conspired and connived with her brother, the said John N. Wallace, in such purposes and bad intentions.

"Plaintiff further states that both defendants, by reason of the matters set forth herein and in said cause numbered 3199, are now planning and scheming to sell and dispose of said premises to third parties, in bad faith, and for the purpose of further hindering, delaying and defrauding this plaintiff out of his claims and demands set forth in said cause number 3199, and in pursuance of the declarations heretofore made that they would do so.

"Plaintiff further states that the defendant, John N. Wallace, has no other property out of which plaintiff's said claim could be realized or satisfied in whole or in part, and that he is practically insolvent, is quitting business and disposing of his personal property and attempting to place the proceeds beyond the reach of the courts by the processes of the law, by covering up and concealing the same.

"Wherefore, plaintiff prays that to the extent of any rights, claims or demands he may have by reason of the matters set forth in said cause number 3199, the deed of conveyance aforesaid, made by the defendant, John N. Wallace, to his said sister, Sarah F. Wallace, be declared null and void, as provided by the laws of this state, and be wholly set aside as to both defendants herein, and as to any and all persons claiming by, through, or under them, or either of them, and that the premises in such conveyance described be subjected to the satisfaction of such judgment as may be rendered in favor of this plaintiff in said cause number 3199; and that plaintiff recover costs and have all proper relief herein.
"Indorsements:

"C. C. Smith, Attorney for plaintiff.

"No. 3344; H. M. Adams v. John N. Wallace and Sarah F. Wallace; Petition; Filed Oct. 22, 1920. Martha M. Neal, Court Clerk."

Defendants challenge the sufficiency of the petition to state a cause of action in that it fails to show the existence of the relation of creditor and debtor between plaintiff and defendants within the meaning of sections 6016, 6017, and 6020, Compiled Oklahoma Statutes 1921, and for the further reason that the petition shows on its face that plaintiff is not a judgment creditor of the defendants, and therefore not entitled to maintain a creditors bill to set aside a fraudulent conveyance of real property.

The sections of the statute referred to above are as follows:

"Section 6016. Debtor Defined. A debtor, within the meaning of this chapter, is one who, by reason of an existing obligation, is or may become, liable to pay money to another, whether such liability is certain or contingent.

"Section 6017. Creditor Defined. A creditor, within the meaning of this chapter, is one in whose favor an obligation exists, by reason of which he is, or may become, entitled to the payment of money."

"Section 6020. Transfers with Intent to Defraud. Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

It is apparent from the language of the statute quoted that not only creditors but other persons are brought within the protection of the statute against fraudulent conveyances, and entitles not only any creditor, but any "other person" to bring an action to set aside a fraudulent conveyance of a debtor's property.

An examination of the decisions of the courts of last resort of many states, including Oklahoma, discloses a settled purpose to liberally construe the statute against fraudulent conveyances, so as to include within its protection all persons who have interests of which they may be defrauded.

In 12 R. C. L., page 490, it is said:

"* * * The courts, however, look with disfavor on fraudulent conveyances, and as a general rule, both in England and in the United States, they have construed the statutes liberally so as to include within their protection all persons who have interests of which they may be defrauded."

In Oklahoma it has been held that a wife's claim for alimony is within the protection of the statute against fraudulent conveyances, where the husband, during the pendency of a suit for divorce, transfers his property. See Buffalo v. Letson, 33 Okla. 261, 124 Pac. 968.

In the case just referred to, our court said:

"* * * That a wife with a decree for alimony in her behalf is entitled to avail herself thereof was decided by the Supreme Court of the territory of Oklahoma in the case of Bennett v. Bennett, 15 Okla. 286, 81 Pac. 632, 70 L. R. A. 864. In the discussion of that case the court said: 'In the case of Small v. Small, 56 Kan. 1, 42 Pac. 323, 30 L. R. A. 243, 54 Am. St. Rep. 581, a decision rendered by the Supreme Court of Kansas and a decision which is cited with approval by our own Supreme Court in the case of Farrell v. Puthoff, 13 Okla. 164, 74 Pac. 96, the Supreme Court of Kansas says: "There is no reason why a wife whose husband has deserted her; and refused to perform the duty of maintenance, or who, by cruel treatment, has compelled her to leave his house and commence proceedings for divorce and maintenance, should not be viewed as a quasi creditor in relation to the alimony which the law awards her. So long as she is receiving maintenance, and is under his wing, as it were, she is bound by his acts as to his personal estate; but, when she is compelled to become a suitor for her rights, her relation becomes adverse, and that of a creditor in fact, and she is not to be balked of her dues by his fraud." Section 2774 of Wilson's Statutes 1903, provides: "Every transfer of property, or charge thereon, made, every obligation incurred, and every judicial proceeding taken with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor." Now if the wife, technically speaking, is not a creditor, she is included in the term "other person," in the statute regarding fraudulent conveyances; and when the husband, by cruel treatment, compels the wife to leave him, and bring an action for divorce and alimony, she is a quasi creditor in relation to the alimony which the law awards to her. Tyler v. Tyler, 126 Ill. 525, 21 N. E. 616, 9 Am. St. Rep. 642, Small v. Small, 56 Kan. 1, 42 Pac. 323, 30 L. R. A. 243, 54 Am. St. Rep. 581; Farrell v. Puthoff, 13 Okla. 159, 74 Pac. 96.'"

Again, in the case of Shelby et al. v. Ziegler, 22 Okla. 799, 98 Pac. 989, it was held in the sixth paragraph of the syllabus as follows:

"The plaintiff in an action for a tort committed, independent or any contract, is a 'creditor' so as to entitle him to maintain an action under section 906, Wilson's Rev. & Ann. St. 1903, to have canceled and set aside a conveyance of real estate, or any interest therein, made for the purpose of hindering, delaying, or defrauding creditors."

While the petition in the instant case fails to disclose the nature of the demand owing by the defendants to the plaintiff, it is alleged in general terms that the defendants were under a legal liability to the plaintiff in the sum of $25,000. For the purpose of the demurrer, we think the petition should be construed liberally so as to bring within the protection of the statute against fraudulent conveyances all persons who may have interests or demands of which they may be defrauded.

We agree with defendants that the mere reference by the plaintiff to an existing cause of action then pending in the same court did not of itself constitute a sufficient allegation of the existence of a demand within the intent and meaning of the statute against fraudulent conveyances, but independently of this reference, there are general allegations in the petition of the existence of a demand for $25,000, owing by the defendants to the plaintiff, and if the defendants were not sufficiently advised and informed by the petition of the nature of the claim asserted by the plaintiff, they could have obtained the information by a motion to require the plaintiff to make his petition more definite and certain. This they did not see fit to do, and we do not think they can raise this defect, if defect it be, by a general demurrer and motion to dismiss.

The contention of defendants that a creditor's suit may not be maintained in advance of a judgment is, we think, untenable.

There is an allegation in the petition that the defendants are without other property out of which plaintiff could satisfy his demand, and of insolvency, sufficient, in our judgment, against a general demurrer.

Actions to set aside fraudulent conveyances on the ground of insolvency must not be confused with proceedings to subject property of a defendant to the payment of a judgment lien where the debtor's property is beyond the reach of an execution at law.

In such cases a judgment is indispensable, but they have no application to equitable proceedings to set aside fraudulent conveyances based upon the insolvency of the debtor.

We do not think the case of Annis v. Bell, 10 Okla. 647, 64 Pac. 11, cited by defendants, is applicable to the case at bar.

We are therefore of the opinion that the trial court erred in sustaining the demurrer. to plaintiff's petition and in dismissing his action.

The judgment of the trial court is therefore reversed, and the cause remanded with directions to the trial court to set aside its order sustaining the demurrer to the petition.

By the Court: It is so ordered.