## WILSON et al. v. SCRUTCHFIELD.

No. 13399—Opinion Filed April 8, 1924.

Rehearing Denied June 3, 1924.

1. **Appeal and Error — Review of Equity Case—Evidence.**

In a case of purely equitable cognizance, the findings and judgment of the trial court will not be disturbed on appeal unless the same are clearly against the weight of the evidence.

2. **Fraudulent Conveyances—Invalidity.**

Any conveyance of real estate made without a fair and valid consideration, or if made in bad faith on the part of the grantor and grantee, or for the purpose of hindering, delaying, or defrauding the creditors of the grantor, is void against all persons to whom the grantor is, at the time, indebted.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Logan County; C. C. Smith, Judge.

Action by C. H. Scrutchfield against T. E. Wilson et al. Judgment for plaintiff, and defendants bring error. Modified and affirmed.

H. M. Adams, for plaintiffs in error.

John Adams, for defendant in error.

Opinion by JARMAN, C. This is an appeal by the defendants from a judgment of the district court of Logan county decreeing a certain warranty deed to be a mortgage, and cancelling and holding for naught another warranty deed, and ordering the real estate, covered by said deeds, sold to satisfy a judgment held by the plaintiff, Scrutchfield, against the defendant Wilson.

The plaintiff alleges that on February 14, 1921, in an action pending in the district court of Logan county, he procured judgment in the sum of $630.84 on an account against the defendant, T. E. Wilson; that no appeal was taken from said judgment and the same became final; that on February 21, 1921, the plaintiff caused an execution to be issued in said cause, and on April 12, 1921, said execution was return-

ed by the sheriff unsatisfied, and reporting that the defendant Wilson had no property on which to levy; that on October 18, 1919, T. E. Wilson executed a deed to Howard J. Fife, defendant, to certain real estate, known as the Royal Hotel and Brooks Opera House in Guthrie, subject to a mortgage of $6,000 to the Capitol Savings Bank & Trust Company of Montpelier, Vt., and the plaintiff alleges that said instrument, designated as a deed, was given for the purpose of securing a loan of $3,000 made by Howard J. Fife to T. E. Wilson, and that, therefore, said instrument is in fact a mortgage, and the plaintiff prayed for a judgment decreeing said deed to be a mortgage, and directing that the property be sold, and that the proceeds derived therefrom, after satisfying said mortgage for $6,000 and the equitable mortgage of $3,000 from Wilson to Howard J. Fife, be applied in payment of the judgment of the plaintiff against the defendant T. E. Wilson.

The defendants, J. M. Fife and Howard J. Fife, filed an answer, admitting that the deed from Wilson to Howard J. Fife of October 18, 1919, was given as security for money loaned to Wilson, and allege that at the same time a written contract was made and entered into by and between Howard J. Fife and T. E. Wilson, wherein it was agreed that said deed should serve as security for any additional amounts that might be loaned to Wilson, and that, in keeping with said agreement, there was loaned to Wilson, on the strength of said warranty deed as security therefor, amounts aggregating approximately $10,000. The defendants allege, further, that on December 21, 1920, Howard J. Fife entered into a contract with T. E. Wilson whereby he purchased the property described in the equitable mortgage, and that he surrendered and delivered to T. E. Wilson the notes and evidences of indebtedness secured by said equitable mortgage, and, in addition thereto, paid to T. E. Wilson the sum of $1,000 whereupon Wilson executed and delivered to the defendant Howard J. Fife a warranty deed to said property, subject to the $6,000 mortgage held by the Capitol Savings Bank & Trust Company, and said defendants, Fife, allege that by reason thereof Howard J. Fife became the owner of said property, and the defendants prayed for judgment quieting title in Howard J. Fife to said property, subject to the $6,000 mortgage.

To this answer the plaintiff filed a reply, in which he alleges that the deed, referred to by the defendants in their answer as having been given on December 21, 1920, and under which said defendants claimed to be the owner of said property, was never placed of record, and that the plaintiff had no knowledge of same until the defendants filed their answer on March 20, 1921, five months after said deed was made and executed; that said deed was the result of a fraudulent scheme by the defendant Wilson, participated in and aided by the defendant Fife, for the purpose of placing said property in the name of Howard J. Fife to defeat the collection of the judgment held by the plaintiff against the defendant Wilson, and that, therefore, said attempted conveyance was fraudulent and void as to the plaintiff, who is a creditor of Wilson.

The assignments of error are grouped and argued by the defendants, in their brief, under the proposition that the evidence does not sustain and support the findings and judgment of the trial court.

The evidence discloses that about August of 1919, T. E. Wilson bought real estate in Guthrie, known as the Royal Hotel and the Brooks Opera House, on which there was a first mortgage for $6,000 to the Capitol Savings Bank and Trust Company of Montpelier, Vt. On October 18, 1919, Wilson gave a deed to this property to Howard J. Fife and at the same time these parties made and entered into a written contract, in which it was agreed and provided that said deed was given as security for a loan of $3,000 made by Howard J. Fife to Wilson on that date and for such other and further sums as might be advanced to Fife; the record discloses that the total amount of money advanced to Wilson under said contract and deed was $9,199.10. Beginning in September, 1919, and up to about the 16th of March, 1920, the plaintiff, who was engaged in business at Guthrie, sold to Wilson, on an open account, furniture and fixtures for the hotel and opera house, amounting to $630.84. This account was not paid, and about the first of September, 1920, Wilson left Guthrie and placed this property in the hands of his agent, J. M. Fife, who had a room at this hotel. This property was renting, at that time, for $600 per month. An agreement was entered into by Wilson and his agent, J. M. Fife, with the plaintiff, whereby J. M. Fife was to pay the plaintiff, out of the rents, on the first of October, 1920, $75 on his account, and was to make a payment on the first of each month thereafter until the account was fully paid. Mr. Fife failed to pay the plaintiff anything on the account on the first

of October and never, at any time, made any payment on said account. The plaintiff tried to find out the address of Wilson from the agent, Mr. Fife, but he stated he did not know where Mr. Wilson was. The plaintiff became anxious about his account and told the agent, Mr. Fife, that he was afraid he was going to lose the account as he understood that Wilson was trying to sell the property, and Mr. Fife assured the plaintiff that he would get his money because he, Fife, would not deed the property back to Wilson until this account was paid. Wilson went back to Guthrie on one or two occasions, but the plaintiff never saw him, although he was seeking to locate him, and, on these occasions, Wilson did not register at the hotel but occupied the room with his agent, Mr. Fife. On the night of December 20, 1920, the plaintiff was passing by the hotel and happened to see Wilson, who had again returned to Guthrie, and, on the following morning, filed suit against Wilson on this account and procured service of summons on him in the room of his agent, Mr. Fife, between eight and nine o'clock. That night, between eight and nine o'clock, Wilson executed a deed to said property to Howard J. Fife, who was not present at that time but who was represented by his father, J. M. Fife. This deed was never placed of record and Howard J. Fife never took possession of the property. The plaintiff knew nothing about such a deed until the defendants filed their answer in the instant case. The purported consideration for the deed was the settlement of the indebtedness of Wilson to Fife amounting to approximately $10,000 and the $6,000 mortgage to the Capitol Savings Bank & Trust Company and a cash payment of $1,000, making a total of $17,000. The evidence shows that the property, at the time, was worth $35,000. Although Howard J. Fife and J. M. Fife are defendants in this action and they were charged with entering into a conspiracy with Wilson to defraud the plaintiff out of his debt, and the deed given by Wilson to Howard J. Fife was sought to be cancelled, yet, neither of the Fifes appeared as a witness in the case to offer an explanation of these transactions, and J. M. Fife was not even in town at the time of the trial.

Under the evidence in this case, we cannot say that the findings and judgment of the trial court are clearly against the weight of the evidence, and, under the well settled rule of this court, the same will not be disturbed on appeal. Johnson v. Johnson, 85 Okla. 274, 206 Pac. 205.

Under section 5271, Comp. Stat. 1921, 1174 Rev. Laws 1910, the conveyance of said property from Wilson to Howard J. Fife on December 21, 1920, is void as to the plaintiff, who is a creditor of Wilson. Said section provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, for the purpose of hindering, delaying, or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

In construing this section, the court lays down the following rule in the case of Ward v. Wiggins, 73 Oklahoma, 174 Pac. 231.

"Under the first part of section 1174, Rev. Laws 1910, any conveyance of real estate made without a fair and valuable consideration is void as against all parties to whom the maker of the conveyance is at the time indebted or under any legal liability, irrespective of the question of fraudulent intent."

In the body of the opinion in this case the court uses the following language in commenting on section 1174, Rev. Laws 1910:

"It will be observed that such section provides that a conveyance of real estate 'without a fair and valuable consideration is void as to creditors, and likewise void 'if made in bad faith or for the purpose of hindering, delaying or defrauding creditors'. Hence, if the defendant F. C. Ward was indebted to the plaintiff at the time the transfer was made and the conveyance was 'without a fair and valuable consideration', it would follow that the conveyance would be void as to the plaintiff, whether or not the same was 'made in bad faith or for the purpose of hindering, delaying, or defrauding creditors'."

Under this statute and the construction given the same by the court in the case of Ward v. Wiggins, supra, the conveyance of said real estate from Wilson to Howard J. Fife is void only as to the plaintiff, a judgment creditor of Wilson, and the same is not void as to the other parties to this action. The judgment of the trial court should, therefore, be modified to comply with the views herein expressed, and as modified, the judgment is affirmed.

By the Court: It is so ordered.