## BEAM et al. v. FARMERS & MERCHANTS BANK.

No. 16776—Opinion Filed Sept. 14, 1926.

(Syllabus.)

1. **Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

In a case of purely equitable cognizance the findings and judgment of the trial court will not be disturbed on appeal, unless the same are clearly against the weight of the evidence.

2. **Jury—Right to Jury Trial—Action to set Aside Fraudulent Conveyance.**

An action to set aside a deed in fraud of creditors is one of purely equitable cognizance, and where a demand is made by one of the parties to the action for a trial by jury, and such demand is refused by the court, the same does not constitute error.

Error from District Court, Ellis County: T. P. Clay, Judge.

Action by the Farmers & Merchants Bank against J. P. Beam and another. Judgment for plaintiff, and defendants bring error. Affirmed.

C. B. Leedy, for plaintiffs in error.

Harry C. Brownlee and Perry J. Morris, for defendant in error.

LESTER, J. For convenience the parties to this action will be referred to as they appeared in the court below.

The plaintiff in its petition stated and alleged that on the 3rd day of April, 1923, the plaintiff recovered judgment in the district court in and for Ellis county, state of Oklahoma, against the defendant, Joshua P. Beam, for the sum of $449.23, with interest thereon from the first day of March, 1922, at a rate of 10 per cent., and also the additional sum of $40 as attorneys' fees, and costs of said action. Said judgment was rendered on a promissory note made and executed on the 28th day of February, 1920, which note was signed by said Joshua P. Beam and other parties. Plaintiff also alleged that on the 28th day of February, 1920, when said note, upon which said judgment was rendered, was executed by the defendant Joshua P. Beam, the said defendant was then owner of certain real estate situated in Ellis county, state of Oklahoma. That on the 21st day of June, 1921, after the said note was made by the defendant Joshua P. Beam and others to the plaintiff herein, the said defendant Joshua P. Beam, for the purpose and with the intent to hinder, delay, and defraud his creditors, including the plaintiff, conveyed all of the said property by a warranty deed to his wife, the defendant Maude M. Beam, for the colorable consideration of $3,000, but with no actual consideration whatsoever.

It was further alleged in the instant case by the plaintiff "that the defendant Maude M. Beam, wife of the said Joshua P. Beam, knowingly and with full notice of the fraudulent intent of the said Joshua P. Beam to hinder, delay, and defraud plaintiff, became a party to the said fraudulent conveyance and transaction, and to the efforts of said defendant, Joshua P. Beam, to hinder, delay, and defraud the plaintiff by reason of the said fraudulent conveyance."

Plaintiff further alleged "that the plaintiff in its original action against the defendant, Joshua P. Beam, caused an execution to be issued on its said judgment against the said Joshua P. Beam, directed to the sheriff of Ellis county, which execution commanded said sheriff to levy upon and sell any property of the said Joshua P. Beam found within Ellis county subject to such levy and sale; that thereafter said sheriff of Ellis county returned said execution indorsed with his proceedings thereunder, showing that no property of the said Joshua P. Beam could be found in said Ellis county. That thereafter another execution was executed and directed to the sheriff of Osage coun-

ty, and thereafter the sheriff of Osage county duly returned the said execution, showing by his indorsement of his proceedings thereunder that no property of the said Joshua P. Beam, subject to execution, could be found in Osage county. Plaintiff also alleged that another execution was issued on the 23rd day of July, 1923, directed to the sheriff of Ellis county, Okla., and that said sheriff levied upon certain personal property of the said Joshua P. Beam, and from the proceeds thereof paid the court costs, amounting to $18.80.

The defendants, Joshua P. Beam and Maude M. Beam, filed their answer, in which they denied that said property was fraudulently conveyed by Joshua P. Beam to Maude M. Beam. A trial was had to the court, and the court found the issues in favor of the plaintiff and against the defendants. Thereafter a motion for a new trial was filed in said cause, and said motion was overruled and judgment was entered in said cause in favor of the plaintiff therein, and the defendants prosecute this appeal to reverse said judgment.

The defendants urge that the said cause should be reversed for the following reasons:

(1) That the judgment is not supported by sufficient evidence.

(2) Denial by the court of a trial by a jury when demanded by defendants.

We will take up each of these propositions and discuss them in the order named.

We have read the entire record containing the evidence relating to the alleged fraudulent transaction between Joshua P. Beam and and his wife, Maude M. Beam. Each testified in said cause that about 20 years prior to the transfer of the property by the defendant Joshua P. Beam to his wife, Maude M. Beam, the latter loaned to her husband, Joshua P. Beam, $3,450 for the purpose of enabling said Joshua P. Beam to attend a medical school, and that the said money so loaned said Joshua P. Beam was obtained by the defendant Maude M. Beam through the sale of her real and personal property, which property was owned by Maude M. Beam in her own name. Certain deeds were introduced in evidence which were made and executed by Maude M. Beam at the time she sold said property, and the consideration expressed therein was greatly at variance with the amount that Mrs. Beam claimed to have received for the property at the time she disposed of the same. It was further shown that from the time Mrs. Beam claimed to

have loaned the money to her husband until the transfer by the husband to Mrs. Beam of property involved herein Joshua P. Beam did not at any time make any payment on the loan that he had obtained from Mrs. Beam. It was further shown by the evidence that after the property involved in this action was transferred by Joshua P. Beam to h's wife, he continued to collect rents thereon, and in a very large measure handled the property as if no transfer had been made by him to his wife. It was further shown in the evidence that within a day or two after the said Joshua P. Beam had transferred his property to his wife he withdrew all the money that he had on deposit at the plaintiff's bank and turned the same over to the defendant Maude M. Beam.

Section 5271, C. O. S. 1921, reads as follows:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way, affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying, or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

Section 6022, C. O. S. 1921, provides when such transfers may be avoided:

"A creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation."

This court had occasion to define a "bona fide purchaser" in Winstead v. Shank et al., 68 Okla. 269, 173 Pac. 1041:

"The essential elements which constitute a 'bona fide purchaser' are valuable consideration, absence of notice, and the presence of good faith."

In Wilson v. Scrutchfield, 99 Okla. 242, 226 Pac. 356, it is said:

"Any conveyance of real estate made without a fair and valid consideration, or if made in bad faith on the part of the grantor and grantee, or for the purpose of hindering, delaying, or defrauding the creditors of the grantor, is void against all persons to whom the grantor is, at the time, indebted."

It is contended by the plaintiff that prior to the time the defendant Joshua P. Beam attempted to convey the property to Mrs. Beam, that Mrs. Beam had actual notice of the fact that Mr. Beam was indebted to the bank. The testimony of J. J. Hamre (C.-M. 135) was to the effect that he had a

conversation with Mrs. Beam in the bank prior to the time that Mr. Beam executed the deed to her on his property, in which Mr. Hamre discussed the indebtedness of Joshua P. Beam to the bank, and it is claimed by the plaintiff that the defendant Maude M. Beam had full knowledge of Joshua P. Beam's indebtedness to the bank prior to the time that said Joshua P. Beam delivered the deed of conveyance of said property to his wife, Maude M. Beam.

In the case of Chapman v. Farrell, Sheriff, 96 Kan. 659, 153 Pac. 511, in the syllabus it is said:

"1. In a transfer of property from a husband to his wife, where it was charged that it was done to hinder, delay, and defeat the enforcement of a judgment against the vendor or the collection of a debt, the facts and circumstances of the transaction are to be closely scrutinized to see that it is free from fraud, and if the evidence shows that the sale was made by him to hinder and delay creditors, it amounts to fraud on his part, and if she had knowledge of his purpose or of facts and circumstances from which such knowledge may be inferred and co-operated with him in carrying out the purpose, the transfer is invalid as to her."

In 27 Corpus Juris, 564, section 274, it is said:

"Where funds of the wife are received and used by the husband with her knowledge and consent, and no evidence of indebtedness is taken by her, or no claim that he is her debtor is made by her during the lapse of many years, a conveyance in consideration of such funds will not be sustained, especially where it is made after the husband has become insolvent or greatly financially embarrassed."

In the case of Wimberly v. Winstock, 46 Okla. 645, 149 Pac. 238, this court held:

"In such cases, it is often impossible to prove actual fraud and collusion between the parties to a conveyance, when attacked by third persons, by direct and positive evidence; and the attacking party is often compelled, through the inherent necessities of the situation, to rely upon presumptive evidence, growing out of the indicia and badges of fraud, developed by the circumstances attending the transaction; and, therefore, the range of inquiry in such cases must necessarily be very extensive, and bring within its scope all the circumstances bearing upon the question."

It is urged by the defendants that the proof did not show that at the time Joshua P. Beam transferred his property to his wife, Maude M. Beam, defendant Joshua P. Beam was insolvent. However, in the case of Benson v. Harriman (Cal. App.) 204 Pac. 255, the court said:

"Where a debtor renders himself insolvent by transferring his property, his insolvency is 'contemplated' by the very act of making the transfer."

And it appears to us, in making a transfer of one's property, that if such transfer was without consideration, and done in order to avoid, hinder, or delay one's creditors, and there is no property left after such transfer upon which to satisfy the creditors of such grantor, that such grantor will not be heard to complain that he was solvent at the time of the transfer. For, by the act of the transfer itself, it thereafter becomes impossible to subject such property to the debts of the transferror unless the instrument of conveyance is set aside.

We think, under the facts in this case, the court was justified in holding that the said property was transferred with the intention of hindering and delaying the creditors of said Joshua P. Beam.

The defendants, in their second proposition of law, complained that the trial court committed error in denying to the defendants the right of trial by a jury. Section 532, C. O. S. 1921, provides:

"Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided."

In the instant case the plaintiff, as a creditor of Joshua P. Beam, brought suit to set aside a written instrument, alleging that said instrument was executed for fraudulent purposes by the grantor to his wife, Maude M. Beam.

In the case of Warner v. Coleman, 107 Okla. 292, 231 Pac. 1055, a similar question was involved to that presented here. In that case it was sought to set aside certain real estate conveyances. A trial by jury was demanded, which was by the court refused, and this court, in passing upon this proposition, said:

"We think that where the gravamen of the action pleaded is one which would have been for the conscientious determination of the chancellor under rules of equity, before the general adoption of codes, the cause is one essentially in equity, and that, though its form may be in ejectment, yet, where the law feature, the possession, follows merely as an incident to the determination of the equitable issue on which it rests, it is not one for the recovery of specific real estate. New v. Smith, 86 Kan. 1, 119 Pac. 380."

In the case at bar, the only relief sought

by the plaintiff was the cancellation of a certain written instrument on account of fraud. The issues as contained in the pleadings were such as could be determined only by a court of equity, and after such determination, if favorable to the plaintiff, whatever rights or benefits which accrued thereunder would be only incidental to the plaintiff's suit in equity.

Finding no prejudicial error in the proceedings of the court below, the judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 900, §2869; 2 R. C. L. 202; 1 R. C. L. Supp. 442; 4 R. C. L. Supp. 91; 5 R. C. L. Supp. 81. (2) 35 C. J. p. 167, sec. 40.