## THOMAS v. STEWART.

No. 25984.   Oct. 13, 1936.

Rehearing Denied Dec. 8, 1936.

Smith & Harbison, for plaintiff in error.

Roy Glasco, for defendant in error.

McNEILL, C. J.   The question for determination is whether a deed given by a husband to his wife should be canceled on the ground of a fraudulent purpose to defeat the collection of a judgment.

It appears that Syrena P. Thomas, plaintiff in error, and her husband, Jess T. Thomas, had been married for about 25 years and became involved in financial difficulties. On January 2, 1931, Thomas executed and delivered to R. S. Stewart, defendant in error,

his promissory note, and Stewart, on October 20, 1932, recovered a judgment against Thomas in the sum of $1,152, with interest and attorney's fees.

At the time of the execution of said note Syrena P. Thomas and her husband were the owners of a certain tract of land in McClain county and three days prior to the due date of said note Thomas executed to his wife a deed to said land. The judgment creditor, R. S. Stewart, charges in his petition that the deed was executed and delivered without consideration and in bad faith for the fraudulent and corrupt purpose of hindering, delaying, and defeating the debt that Thomas owed to him and for the fraudulent purpose of placing the property beyond the reach of the creditors of Thomas.

The trial court rendered judgment canceling this deed, and Syrena P. Thomas, grantee in said deed, prosecutes this appeal.

This action is of an equitable nature and there is no material dispute as to the facts.

Plaintiff in error urges in her brief that the making of the deed to her was based upon a sufficient consideration in that the deed recited the assumption of a second mortgage in the sum of $3,200 in favor of the Travelers Insurance Company. It seems, however, that plaintiff in error and her husband were jointly liable on the note and mortgage executed to the insurance company. It is also urged that there was a failure to show that Jess T. Thomas was insolvent at the time he deeded the property to his wife and that the evidence shows that Thomas was running a truck line from Chickasha to Oklahoma City and that he owned some land in Arkansas. Under the evidence the trucks were mortgaged to three different persons, including a second mortgage of about $2,100, and there was no evidence of any property in this state. There was some evidence that Thomas had an interest in some lands in Arkansas.

A creditor is not required to search beyond the confines of the state for property out of which to seek satisfaction of his debt. Johnston et al. v. State Bank of Commerce, 129 Okla. 46, 263 P. 123. It is also urged that the judgment upon which this suit was based had not been entered upon the judgment docket. It is not necessary that a judgment be filed as a necessary condition precedent to set aside a fraudulent conveyance. Bennett v. Bennett, 15 Okla. 286, 81 P. 632.

However, the record does show that the judgment was marked as filed and recorded and shows that an execution had been issued to the sheriff of McClain county and returned nulla bona.

It is also urged that the judgment is contrary to the evidence, and under this proposition it is stated that a second mortgage of $1,000 which was given in August, 1930, and recorded in McClain county on March 6, 1934, 14 days prior to the date of the trial and after the case had been pending for more than 13 months, was superior to the lien of Stewart acquired by filing his creditor's suit, and that the trial court erred in holding that Stewart had a valid subsisting lien upon the real estate subject only to mortgage of the Travelers Insurance Company for $3,200. In this connection it is urged that the court should have held that this $1,000 mortgage, which was filed during the pendency of the action, was a second mortgage and was superior to the lien of Stewart. There is no support for this contention.

The rule of lis pendens prevents any rights being acquired by a third person adverse to rights of the plaintiff in the subject-matter of the action during the pendency of a suit. Section 193, O. S. 1931. This doctrine applies to a creditor's suit to set aside a fraudulent conveyance made by the debtor to defeat a creditor. Coleman v. Law, 170 Ga. 906, 154 S. E. 445, 74 A. L. R. 684. See annotator's note in 74 A. L. R. 690.

We hold that the court was correct in holding that the Jones mortgage of $1,000, which was filed during the pendency of the plaintiff's suit, did not affect plaintiff's lien and was subsequent and inferior to plaintiff's lien even though the same was executed prior to the commencement of the creditor's suit.

In equitable proceedings this court will not disturb the judgment of the trial court unless the same is clearly against the weight of the evidence.

We are of the opinion that the court rendered a proper judgment in this case, and the judgment is affirmed.

BAYLESS, WELCH, CORN, and GIBSON. JJ., concur.