## SULLIVAN v. CHICKASAW LBR. CO.

No. 27719. May 3, 1938.

Rehearing Denied May 24, 1938.

Minton & Minton, for plaintiff in error.

John E. Luttrell and Del Val Dale, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Beckham county. The parties appear before this court in the same order as they appeared in the trial court, and will hereafter be referred to as plaintiff and defendant. The controversy involves the effect to be given a deed which was executed in favor of plaintiff by her husband. The material facts as shown by the record are briefly as follows: On March 5, 1932, the plaintiff's husband, A. L. Sullivan, was the owner of an undivided one-third interest in certain lands located in Beckham county and described as the S.½ of the N.E.¼ of section 15, township 18 N., range 25 W., and was indebted to the defendant. The defendant, on May 19, 1932, instituted an action in the district court of Beckham county to reduce the aforesaid indebtedness to judgment and succeeded in accomplishing this on November 5, 1932. The defendant thereafter caused the interest in the above-described lands to be levied upon and sold on execution by the sheriff of Beckham county on January 8, 1935, in satisfaction of the judgment which it had theretofore obtained, and at said sale became the purchaser of said property and received a sheriff's deed therefor. The plaintiff then instituted this action to cancel said sheriff's deed and to quiet title in her to the above-described lands under a claim of paramount title based upon a warranty deed from her husband, A. L. Sullivan, which was dated March 5, 1932, and recorded on November 7, 1934. The defendant in its answer alleged that said deed was void as against it for the reason that the deed had been executed without a fair and valuable consideration and in fraud of the creditors of A. L. Sullivan, and more particularly said defendant. Wherefore it prayed that its title to said lands be quieted as against the claim of the plaintiff. Upon the issues thus framed, the cause was tried in equity to the court. The court made written findings of fact and conclusions of law wherein it found, in substance, that plaintiff, on March 5, 1932, had knowledge of the fact that her husband, A. L. Sullivan, was indebted to the defendant, and that she had taken the deed under which she was claiming title without paying a fair and valuable consideration therefor and in bad faith and for the purpose of hindering, delaying, and defrauding the creditors of A. L. Sullivan, and more particularly the defendant in said action. And thereupon the court gave judgment in favor of the defendant. Exceptions and motion for new trial filed by the plaintiff were overruled and denied, and the plaintiff has appealed the cause here.

634

It is the contention of the plaintiff that the judgment of the trial court is against the clear weight of the evidence. The action being one in equity, we have carefully examined the entire record and weighed the evidence, and we find that while the testimony and evidence of the plaintiff is not directly impeached by any evidence offered by the defendant, the evidence of the plaintiff contains numerous inconsistencies and improbabilities. We find, for instance, that the plaintiff offered no satisfactory explanation of her failure to record the deed which she had received from her husband until November 7, 1934, although the deed appears to have been executed and acknowledged on March 5, 1932. We further find from the evidence of the plaintiff that, although she had been furnishing her husband with money over a period of time commencing in 1928 and continuing after the deed in question had been executed, she claimed that she had exacted on each occasion a new promise from her husband to make her a deed to the lands involved. This, to say the least of it, would appear to be unusual and peculiar. We further find that the plaintiff's testimony regarding her total ignorance of the indebtedness existing from her husband to the defendant is not convincing and is contradicted in some respects by her own testimony with reference thereto. It further appears from the testimony of the plaintiff that the moneys which she had paid and which she furnished to her husband appear to have been paid and furnished more for the purpose of protecting the home of the parties and promoting the pleasure and welfare of the family than otherwise, and were not intended at the time payments were made or the moneys furnished to create the relation of creditor and debtor between the plaintiff and her husband. As stated by this court in the case of Thomas v. Stewart, 178 Okla. 308, 62 P.2d 966:

"A court of equity, in considering an action attacking a conveyance of lands made by a husband to his wife as fraudulent against creditors, will closely scrutinize such a transaction."

It is well settled that, while fraud must be proved at law, in equity it suffices to sustain such a finding by showing facts and circumstances such as will justify the court in presuming a fraudulent intent. See Young v. Blackert, 51 Okla. 285, 151 P. 1057; Bottoms v. Neukirchner, 29 Okla. 104, 116 P. 434.

As said in the case of First Nat. Bank of Duncan v. Sparks, 118 Okla. 45, 246 P. 638:

"In a suit in equity, attacking a conveyance of lands as fraudulent against creditors, the fact that the parties to the conveyance are related by blood or marriage does not, of itself, establish fraud in such transfer; but such fact of relationship may be considered in connection with other evidence tending to impeach the transaction; and in such case, especially if between near relations, who are members of the same household, the transaction will be given much closer scrutiny than if between strangers.

"In such cases, it is often impossible to prove actual fraud and collusion between the parties to the conveyance, when attacked by third persons, by direct and positive evidence; and the attacking party is often compelled, through the inherent necessities of the situation, to rely upon presumptive evidence growing out of indicia and badges of fraud, developed by the circumstances attending the transaction; and, therefore, the range of inquiry in such cases must necessarily be very extensive and bring within its scope all the circumstances bearing upon the question."

We are of the opinion that, measured by the rule announced in the above-cited cases, the judgment of the trial court in the case at bar is not against the clear weight of the evidence, and hence should not be disturbed. Beam v. Farmers' & Merchants' Bank, 121 Okla. 164, 249 P. 325.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, GIBSON, and HURST, JJ., concur.