LUCAS et al. v. COKER.

No. 29847. May 6, 1941.

Rehearing Denied May 27, 1941.

*113 P. 2d 589.*

George R. Taylor, of Stillwater, and F. J. Lucas, of Tulsa, for plaintiffs in error.

K. D. Greiner, of Stillwater, for defendant in error.

PER CURIAM. This is an action by the plaintiff, R. C. Coker, doing business as Stillwater Abstract Company, seeking to enforce a judgment lien on certain real property of the defendant F. J. Lucas which was transferred to the defendant Lillian Lucas. Upon a trial judgment was entered for the plaintiff ordering the lien foreclosed to satisfy the judgment. Defendants, F. J. Lucas and Lillian Lucas, have appealed, and seek to review the judgment.

The evidence was to the effect that on the 26th day of January, 1938, plain-

tiff, operating as Stillwater Abstract Company, at the instance and request of the defendant F. J. Lucas, furnished an abstract of title to the real property involved covering lands in Payne county, Okla., and on the same date on the same request delivered the abstract to C. A. Bartholomew in order to expedite the sale of an oil and gas mineral deed. The defendant F. J. Lucas agreed to pay $110 for said abstract. When the abstract was not paid for, a suit was filed in the justice court of the city of Stillwater and a default judgment taken against F. J. Lucas. This judgment was transcribed to the district court docket of Payne county, and the present action was filed to enforce the judgment lien on the real property involved. The evidence further disclosed that the action to recover for the abstract was filed in the justice court in June, 1938; that on the 22nd day of July, 1938, the defendant F. J. Lucas was in the process of selling said oil and gas mineral rights covering the real property involved and for this purpose had drawn a draft on the purchaser payable to himself and his wife. On this date he was served with summons to appear in said justice court; that on the 23rd day of July, 1938, a deed was placed of record purporting to have been executed on the same date and being a conveyance in fee simple from the defendant F. J. Lucas to the defendant Lillian Lucas. It is this conveyance that is in dispute.

It is first urged by the defendants that before the plaintiff can recover, it is incumbent upon him to prove that the defendant F. J. Lucas was insolvent at the time of the transfer to Lillian Lucas. With this contention we cannot agree. While conveyances in fraud of creditors have, from the earliest times, been void at common law, the rules which have been established by the decisions of the courts have from time to time been considered to be inadequate, the consequences being that legislative bodies have adopted statutory enactments covering such conveyances. These enactments have most generally been accorded a construction which has appeared to be most likely to suppress deceitful practices and obviate all temptation to commit them. 24 Am. Jur. p 163, 165. We have such a statute. Section 9697, O. S. 1931, 24 Okla. St. Ann. § 10, provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

It has been construed in Ward v. Wiggins, 73 Okla. 46, 174 P. 231, and First National Bank v. Little, 122 Okla. 37, 250 P. 799. Therein it is pointed out that in certain regards the common-law rule is changed. In First National Bank v. Little, supra, it is held that it is not necessary to prove insolvency where the conveyance is not made for a fair and valuable consideration. Fair and valuable consideration means that there shall be substantially a compensation for the property conveyed or that it shall be reasonable in view of surrounding circumstances in contradistinction to an adequate consideration. McCaffrey v. Owings, 110 Okla. 128, 236 P. 390. In Adams v. Wallace, 94 Okla. 73, 220 P. 872, it is stated that the statutes against fraudulent conveyances should be liberally construed so as to include within their protection all persons who have interests and demands of which they may be defrauded.

The defendants next urge that the evidence is insufficient to sustain the finding of the trial court that the conveyance was made without a fair and valuable consideration, and therefore fraudulent as to the plaintiff. The testimony as to the consideration is conflicting and far from satisfactory and is limited to that of husband and wife. Defendant Lillian Lucas testified that she let the defendant F. J. Lucas have $350, and that he agreed to convey the

land in question to her to pay this indebtedness. She said she worked for this money, but did not say where or when she earned it. No written evidence of this indebtedness was offered or established.

We hold that under the rule announced in Adams v. Wallace, supra; First National Bank v. Sparks, 118 Okla. 45, 246 P. 638; Beam v. Farmers' & Merchants' Bank, 121 Okla. 164, 249 P. 325, and Sullivan v. Chickasaw Lumber Co., 182 Okla. 633, 79 P. 2d 564, the judgment of the trial court is not clearly against the weight of the evidence.

A court of equity in considering an action attacking a conveyance of lands made by a husband to his wife as fraudulent against creditors will closely scrutinize such transaction. Thomas v. Stewart, 178 Okla. 308, 62 P. 2d 966. In Wimberly v. Winstock, 46 Okla. 645, 149 P. 238, we held:

"In a suit in equity, attacking a conveyance of lands as fraudulent against creditors, the fact that the parties to the conveyance are related by blood or marriage does not, of itself, establish fraud in such transfer; but such fact of relationship may be considered in connection with other evidence, tending to impeach the transaction; and in such case, especially if between near relations, who are members of the same household, the transaction will be given much closer scrutiny than if between strangers."

"In such cases, it is often impossible to prove actual fraud and collusion between the parties to the conveyance, when attacked by third persons, by direct and positive evidence; and the attacking party is often compelled, through the inherent necessities of the situation, to rely upon presumptive evidence growing out of indicia and badges of fraud, developed by the circumstances attending the transaction; and, therefore, the range of inquiry in such cases must necessarily be very extensive and bring within its scope all the circumstances bearing upon the question."

Defendants also contend that there was no proof of the judgment obtained in the justice of the peace court. The plaintiff introduced evidence of the transcript filed with the district court under the provisions of section 506, O. S. 1931, 12 Okla. St. Ann. § 904. We hold that the proof was sufficient to establish the judgment under the allegations of the petition of the plaintiff.

Finally, it is argued that the judgment in the justice court was void because the defendant F. J. Lucas was tolled into the jurisdiction by deceit and fraud. There is no justification for this claim, and this allegation is wholly unwarranted. The defendant F. J. Lucas did not attempt to defend the action in the justice court, but let the judgment become final. Without deciding whether the judgment in the justice court can be attacked in this proceeding, we hold that the alleged claim of error is not sustained by the record.

Judgment affirmed.

WELCH, C. J., CORN, V.C.J., and OSBORN, GIBSON, and DAVISON, JJ., concur.