GAINES et al. v. GAINES et al.

No. 31349. March 21, 1944.

Rehearing Denied Sept. 12, 1944.

*151 P. 2d 393.*

344

J. G. Austin, of Miami, for plaintiffs in error.

Thompson & Roberts, of Joplin, Mo., for defendants in error.

PER CURIAM. This proceeding grew out of a former judgment of the trial court entered on December 24, 1937, for $2,723.08 in favor of Josie Gaines et al., hereinafter called plaintiffs, against Frank Gaines et al., hereinafter referred to as defendants. On appeal to the Supreme Court this court raised the judgment from $2,723.08 to $23,735.19. The original judgment was the result of three actions filed by the parties in the trial court. In case No. 12775, Frank Gaines sued Josie Gaines et al. to dissolve a corporation in which all the parties had been stockholders and to establish his right to certain real property. In case No. 12500 Josie Gaines and her associates sued Frank Gaines for an accounting; and in case No. 13442 Frank Gaines sued Josie Gaines and her associates to recover rents for real property. Final disposition of the cause in the trial court and on appeal so far as this proceeding is concerned was made in Gaines Bros. v. Gaines, 188 Okla. 300, 108 P. 2d 177, in which this court stated:

"The details of the various transactions are exhaustively set out in the findings of the court and in the briefs of counsel for the respective parties; and to a limited extent in cases heretofore before this court. Gaines Brothers Co. et al. v. Gaines, 176 Okla. 576, 56 P. 2d 869; Gaines v. Gaines Brothers Co. et al., 176 Okla. 583, 56 P. 2d 863. . . .

"The actions were commenced as proceedings in equity and tried to the court as equity cases. Therefore, this court should render or cause to be rendered such judgment as the weight of the evidence clearly indicates the trial court should have rendered. State ex rel. Oklahoma Tax Commission v. Westheimer & Daub, 182 Okla. 271, 77 P. 2d 1126. Such we shall do.

"The judgment is modified as herein directed and the cause is remanded to the trial court, with directions to enter judgment in favor of plaintiffs and against the defendant in this respect in the amount of $23,735.19. In all other respects the judgment is affirmed."

Thereafter, on January 7, 1941, the trial court spread the mandate of record and execution was issued and returned no property found. Plaintiffs then commenced a proceeding in Creek county and took testimony to determine the ownership of the property of Frank Gaines. This testimony by agreement is incorporated in the present record. Plaintiffs then filed this present proceeding seeking to reach real and personal property transferred by Frank Gaines to his wife, Ruth Gaines.

The record discloses that on the date the judgment was rendered, to wit, December 24, 1937, Frank Gaines was the owner of all the real and personal property involved in this proceeding. The real property consisted of approximately 460 acres of land and some town and city lots in Ottawa, Rogers, and Creek counties. The personal property consisted of some shares in the First National Bank of Fairland, Okla., and the stock of the Pure Gold Oil Company, a family corporation owned by Frank Gaines, his wife, and two sons.

On the ___ day of March, 1940, and at two more specifically identified dates thereafter, Frank Gaines transferred all the real property to his wife, Ruth Gaines. The trial court held that the plaintiffs were entitled to the possession of all the real and personal property for the purpose of selling the same to satisfy the judgment of $23,735.19, and appointed the sheriff of Ottawa county as receiver, and made exhaustive findings of fact and conclusions of law at the request of both parties.

Defendants have appealed and seek to reverse the judgment. It is first contended that the court erred in holding that the judgment of December 24, 1937, constituted a lien against the real property on the doctrine of lis pendens. The court did not so hold. It declined to apply the doctrine of lis pendens, specifically so holding to the contrary in the conclusions of law.

It is next argued that the court erred in establishing the right to the execution against the three-fourths interest of Ruth Gaines, H. M. Gaines, and F. H. Gaines. It is asserted that the record shows beyond dispute that Frank Gaines operated as a partner and a trustee of his wife, Ruth Gaines, and his two sons, H. M. Gaines and F. H. Gaines. There was no error in this respect. Frank Gaines in one of the former actions was requested to state to what extent he held any property for each of the members of his partnership. He, after objecting to such request, stated that he had the power of attorney to operate

the partnership and had acquired all of the interest to the extent of approximately 800 shares in the former corporation known as the Gaines Brothers Company and that he was the sole owner of all of said shares. The record shows in spite of this admission that there was an undisclosed articles of partnership showing that Ruth Gaines, H. M. Gaines, and F. H. Gaines owned one-fourth of the shares of the partnership at the time Frank Gaines made this allegation. The record further discloses that at this time there was a power of attorney signed by Ruth Gaines, H. M. Gaines, and F. H. Gaines giving Frank Gaines complete power to act at all times for them. All of the real and personal properties were acquired over a number of years. During all of this time Frank Gaines was acting for and on behalf of the other three members of the partnership. A full discussion of these transactions growing out of the organization of Gaines Brothers Company and the two individual family partnerships thereafter formed and the actions brought with relation thereto culminating in the judgment for $23,735.19 will be found in Gaines Brothers v. Gaines, supra, and the two cases involving the Gaines family herein cited and quoted above.

The court found that all of the members of the Frank Gaines partnership were in privity, and that the proceeding in aid of execution was binding alike against Frank Gaines and his wife and two sons. The court had quieted title in the real property in Frank Gaines in the former actions and in Gaines Brothers v. Gaines, supra, when the judgment for $23,735.19 was rendered, and when the mandate was spread of record on January 7, 1941, the properties owned by Frank Gaines for the partnership became subject to this judgment for $23,735.19. Under such circumstances one who consents to and is benefited by the prosecution of an action of which he has notice and is in fact a partner in interest, although his name does not appear therein, is bound by the judgment therein. Parsons v. Urie, 104 Md. 238, 64 Atl. 927, 8 L.R.A. N.S. 559, 10 Ann. Cas. 278; Davis v. Milburn, 4 Iowa,

246; Cole v. Favorite, 69 Ill. 457. The law will not allow a dormant partner secretly to share in the property without bearing his share of the losses. 20 R.C.L. 1072, 1073, par. 318, 319; Chester v. Dickerson, 54 N. Y. 1, 13 Am. Rep. 550; Bromley v. Elliot, 38 N. H. 287, 75 Am. Dec. 182.

It is next argued that the court erred in holding the property was subject to the amended judgment of $23,735.19; that if it could be subject to any lien or process it could only be for the original judgment of $2,723.08. This is not the law. In Freeman on Judgments (5th Ed.) par. 174, pp. 344, 345, it is stated that when an entry of a judgment is amended it is merely perfected evidence of what in contemplation of the law existed from the time the judgment was pronounced, and for most purposes will be given effect as if no error or omission had occurred in its original entry. The same rule is applicable where a judgment is appealed and corrected by the appellate court. The parties in privity are bound by the amended or corrected judgment. In addition, the evidence herein discloses that all of the members of the Frank Gaines partnership had full and complete knowledge of the claim of Josie Gaines and her associates that the judgment for $2,723.08 was insufficient.

The final proposition presented is that the court erred as a matter of law in failing to sustain the transfer to Ruth Gaines on a good and valid consideration.

The evidence on this point discloses that after the dissolution of the Gaines Brothers Company, a corporation, the former stockholders therein mutually divided into two family partnerships. The Frank Gaines family operated one partnership and the Josie Gaines family operated another. Frank Gaines and his associates claimed that when Josie Gaines and her associates filed their action for an accounting Frank Gaines and associates were operating a project in Gulfport, Miss.; that the action brought by Josie Gaines and associates so endangered and restricted the credit of Frank Gaines that he was forced to and did borrow personally $15,132.77 from Ruth Gaines. This money was accumulated and saved by Ruth Gaines from funds received from life insurance of a deceased son. It is claimed that a note executed July 29, 1935, evidenced this transaction; that it became due December 1, 1935, and when it was almost outlawed Frank Gaines made a transfer of the above real and personal property and paid on the above note $5,750 and indorsed the same on the note; that this was a reasonable and sufficient consideration for the transfer of the property. The court found that Ruth Gaines had a good and valid claim against Frank Gaines for the obligation created by this transaction, and in effect found that the loan was made as indicated by the evidence. However, the court found that the transfer was invalid as to the plaintiffs. In this there was no error. Defendant Ruth Gaines relies upon 24 O. S. 1941 § 11, which, in effect, provides that any person might transfer property and prefer a creditor where the transfer is made and the preference is allowed in good faith. Frank Gaines did not transfer his personal property; it was the property of Frank Gaines and his associates. Ruth Gaines was an associate. This position is inconsistent with the claim above made that Frank Gaines, H. M. Gaines, and F. H. Gaines each owned one-fourth of the said property. The trial court's finding was that the transfer in March, 1940, left the partnership and Frank Gaines without any substantial property and such finding is amply sustained by the record. The transfer was without binding effect as to the judgment of the plaintiff. See First National Bank v. Little, 122 Okla. 37, 250 P. 799; Lucas v. Coker, 189 Okla. 95, 113 P. 2d 589. The record further discloses that at all times since the dissolution of the corporation and the founding of the two partnerships the real property and title thereto was all vested in Frank Gaines; that all suits and obligations were conducted and created with full knowledge and privity of Ruth Gaines and the two sons; that

no money had been contributed by anyone except Frank Gaines until the transaction regarding the $15,132.77 note above referred to. Under this set of facts Frank Gaines could not transfer substantially all of the property to Ruth Gaines and ignore the judgment created at the very time the Supreme Court approved the title to the property of Frank Gaines in the actions involved on the appeal. There are other specific allegations of error, but they have been included in the discussion of the three principal propositions presented above.

The proceeding being without substantial error, the judgment of the trial court is affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, and HURST, JJ., concur.