GAINES BROS. CO. et al. v. FOURTH NAT. BANK OF TULSA.

No. 32465. March 11, 1947.

*179 P. 2d 145.*

Vern E. Thompson, Loyd E. Roberts, and Thompson & Roberts, all of Joplin, Mo., for plaintiffs in error.

Kavanaugh Bush, G. Ellis Gable, and

Chas. P. Gotwals, Jr., all of Tulsa, for defendant in error.

CORN, J. This is an appeal from a judgment of the district court of Tulsa county, sustaining motion for a directed verdict, in an action by plaintiffs to recover damages allegedly resulting from defendant's negligence in permitting Frank Gaines to transfer $50,000 from the account of plaintiff, Gaines Brothers Company, a corporation, to his individual account.

The case presented herein is the second appeal to this court. See Gaines Bros. Co. v. Fourth Nat. Bank of Tulsa, 192 Okla. 59, 133 P. 2d 742.

On the first appeal the trial court sustained defendant's motion for directed verdict on opening statement of plaintiff's counsel, on the grounds plaintiffs had elected an inconsistent remedy and thus were barred from proceeding with their action. We held there had been no election of remedies as would preclude prosecution of said action, reversed the judgment and remanded the cause for further proceedings.

No further action was taken in this case by the parties until an action to subject to execution property Frank Gaines had fraudulently disposed of to defeat the plaintiffs' claims as creditors became final. See Gaines et al. v. Gaines et al., 194 Okla. 343, 151 P. 2d 393.

The record reflects for many years Gaines Brothers Company, a corporation, had carried a bank account with this defendant. Frank Gaines, who is not a party to this action, was secretary-treasurer of the company. As such officer he was authorized to draw upon the company account in defendant bank. It was not unusual for him to withdraw large amounts on checks payable to himself.

January 24, 1933, Frank Gaines drew a check on the company account for $100,000, ostensibly for use in bidding on a project in Mexico. If a bid was accepted, such withdrawals usually were returned to the company account as soon as a bond to insure performance of a contract had been executed and accepted.

About July 13, 1933, a Kansas City bank forwarded defendant a letter, confirming a telegram, advising defendant its account was being credited with $50,000 deposited for Frank Gaines' account by a New York bank. This remittance through error was credited to the Gaines Brothers Company account, but upon discovery of this fact Frank Gaines drew a check for this amount, payable to himself, dated July 18, 1933, and the defendant then credited his individual account with the $50,000.

The plaintiffs, on October 4, 1933, advised defendant by letter that the company directors had removed Frank Gaines as secretary-treasurer and that he was no longer authorized to withdraw company funds, but checks dated prior to October 5, 1933, should be honored in the usual way.

On retrial this cause was presented on plaintiffs' original petition. Defendant's amended answer, in addition to a general denial, pleaded estoppel. Plaintiffs' reply specifically denied defendant was ever authorized to withdraw the sum deposited to plaintiffs' credit, and that this withdrawal was wrongful.

Upon the issues joined the cause was tried to a jury. In sustaining defendant's demurrer and motion for directed verdict the trial court found that Frank Gaines rightfully withdrew the $100,000, and the same were his funds so far as defendant was concerned; that when the remittance from the Kansas City bank was inadvertently credited to plaintiffs' account the money was Frank Gaines' property and the defendant should have, and did, rectify the error by bookkeeping process and no liability existed for so doing.

The defendant was not notified that Frank Gaines' signature should not be honored until October 5, 1933, approximately ten months after the $100,000

312

was first withdrawn; and more than 60 days from the time plaintiffs learned of Frank Gaines' deposit of $50,000 to his personal account, and the date defendant was notified not to honor his checks.

In 9 C. J. S. Banks and Banking, § 271, in discussing the true state of accounts, it is said:

". . . The present rule, however, is that the rights of neither party are fixed or changed by entries in, or the settling of, a pass book, but in all cases the account is open to examination and correction."

Zollman, Banks and Banking, vol. 5, § 3374, states the rule as follows:

"The names of some depositors are so similar that a mistake in crediting amounts made by one to the account of the other is possible and occurs occasionally. Funds thus credited in good conscience belong to the bank, and may be recovered by it from the depositor to whom they have been credited after he has drawn them out. Of course, where the mistake is discovered before they are drawn out, the remedy of the bank is very simple. It will merely debit the account and give the proper credit to the person who has deposited the money." Also see § 4513, vol. 7.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and GIBSON, JJ., concur.