## ELLIOT *v.* STEVENS.

If partners, by arrangement among themselves, own each a separate part of the stock in trade on which the partnership business is transacted, the stock will nevertheless be regarded as partnership property for the payment of partnership debts, at least as to creditors who have no notice that the stock is owned in that way.

Where one partner is dormant and secret, and a suit for a partnership debt is brought and judgment recovered against the ostensible partner alone, the judgment is for a partnership debt, and, in the application of the property on which the partnership business is transacted, will be preferred to individual debts of the ostensible partner.

If, in such case, the ostensible partner convey his separate part of the stock in trade to the dormant partner, in payment of his individual debt, the conveyance is fraudulent as to partnership creditors.

TROVER for twelve gold watches. The plaintiff claimed property in the watches under a mortgage from Stanford Hovey, made and recorded January 12, 1857. The plaintiff proved his mortgage, which was for an individual debt due from Hovey alone.

The defendant stated and offered to prove, that, as a deputy of the sheriff for Hillsborough county, he attached the watches on the first of February, 1857, before the commencement of this suit, on a writ of mesne process in favor of Bigelow Brothers & Kennard against Stanford Hovey; that the plaintiff was a silent partner of Hovey; that the debt for which the watches were attached was a partnership debt of the plaintiff and Hovey, as partners under the firm of S. Hovey; that the suit against S. Hovey was duly entered in the common pleas, and judgment recovered, and the execution duly levied on the watches to satisfy the debt; that the existence of the partnership between the plaintiff and Hovey was not discovered by Bigelow Brothers & Kennard until after the attachment of the watches; that the watches were part of the stock in trade, occupied by Hovey under the contract

of copartnership, set forth in the case of *Bromley* against the plaintiff, transferred at the same term, and reported in this volume, page 287.

The court rejected the evidence offered by the defendant, and the jury having returned a verdict for the plaintiff, the defendant moves that the verdict be set aside.

*Morrison & Stanley*, for the plaintiff.

*Clark & Smith*, for the defendant.

PERLEY, C. J. The claim secured by the plaintiff's mortgage was the private and individual debt of Hovey, though it may have been created to furnish his part of the partnership stock. *Ferson* v. *Monroe*, 21 N. H. (1 Fost.) 462. It was not a debt of the partners, contracted in the course of their partnership business, and had no preference for payment out of the partnership funds. So far as the partnership was concerned, the mortgage was without consideration. The partnership funds, out of which partnership debts were to be satisfied, had received nothing for it, and if the property was to be regarded as partnership property, the mortgage was not valid as against creditors of the firm. Elliot was himself a partner, and knew the facts, and is of course chargeable with notice.

Looking to the facts as they appear in the other case of *Bromley* v. *Elliot*, by the arrangement which the partners made between themselves, each owned certain distinct parts of the stock on which the partnership business was transacted. Taking the watches to have been part of the stock which was owned by Hovey, the question arises whether the stock thus owned separately, as between the parties themselves, is to be regarded as partnership property for the satisfaction of partnership debts. In this case Elliot was a secret partner. Of course the creditors

of the firm had no knowledge that any part of the property on which the business of the partnership was done, belonged to him individually, and was not partnership property. We think in such a case, where the business is done on a stock in trade as the partnership stock, and the creditor of the firm has no knowledge that there is an arrangement by which, as between the partners, each owns a separate part of the stock, that the creditor is not bound by such an arrangement, and that he has a right to look to the property and stock which is used in the partnership business, as a fund pledged to the payment of the partnership debts. A different rule would tend to defeat the well established right of the partnership creditors to a preference in the application of the partnership funds for the satisfaction of the partnership debts. And this case must stand as if the stock on which the partnership business was transacted had been the joint property of the partners, purchased with partnership funds.

Elliot, being a dormant and secret partner, it was in the option of the plaintiffs in *Bigelow* v. *Hovey*, to join Elliot, after they had discovered that he was partner, or to sue Hovey the ostensible partner alone ; and "the joinder or nonjoinder would not constitute any objection to the maintenance of the suit in any manner whatever." Story on Partnership, sec. 241. The action for the partnership debt was, therefore, properly brought against the active and ostensible partner alone. The judgment was for a partnership debt. The application of the goods on the judgment would be in payment of the partnership debt, as much as if the dormant partner had been included in the suit. Where judgment for a partnership debt is properly rendered against one of the partners, it is still a partnership debt, and entitled to the same priority in the application of the partnership funds as if all the partners were charged personally by the judgment. *Gay* v. *Johnson*, 32 N. H. 167.

As the judgment in this case was for a partnership debt, and could be legally enforced on the partnership property by levy of the execution, the case stated for the defendant would have been a good defence, and the ruling of the court rejecting the evidence was incorrect.

*Verdict set aside.*