**RYE, Trustee, v. McREYNOLDS.**

No. 23992.    March 5, 1935.

Leo H. Johnson and E. H. Beauchamp, for plaintiff in error.

O. F. Mason, for defendant in error.

PER CURIAM. A debtor must be just before being generous. Creel et al. v. Cloyd (Ky.) 152 S. W. 776.

That salutary principle is statutory in Oklahoma, for section 5271, C. O. S. 1921 (9697, O. S. 1931), provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying, or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted, or under any legal liability."

In Ward v. Wiggins, 73 Okla. 46, 174 P. 231, it was held the italicized provision of the statute made void a deed as to the named class, (1) irrespective of fraudulent intent, or (2) solvency.

The case of First Nat. Bk. of Barnsdall v. Little, 122 Okla. 37, 250 P. 799, covered the same ground and went further, holding to the same result irrespective of (1) fraudulent intent, or (2) solvency of the grantor as before, and irrespective of adjudication of the claim of the creditor.

In Lewis v. Manning, 123 Okla. 297, 253 P. 281, we held:

"In a suit by a trustee in bankruptcy to set aside an alleged fraudulent transfer of property by the bankrupt to his relatives, the burden is upon the defendant to show valid consideration and good faith."

See, also, Vacuum Oil Co. v. Quigg, 127 Okla. 61, 259 P. 858.

"'I have never been able,' says an eminent jurist, 'to discover the principle upon which a title acquired by mere gift should, under any circumstances whatever, be deemed superior to the claims of the creditor to be paid his debt'." 27 C. J. 547.

The donee's equity in the real property is justly inferior to that of the donor's creditor.

The claims of creditors rest on legal obligations, higher than the demands of affection or generosity, and a man must be just before he is generous. 12 R. C. L. 592.

Our statute, supra, makes a voluntary conveyance of real estate fraudulent per se as to existing creditors. The part of the statute with which we are concerned does not trifle with intent, fraudulent or otherwise; in fact, it is not based on the bona fides, but upon protection from the injury of those to whom the grantor debtor is legally bound. Dirks v. Union Saving Ass'n (S. D.) 168 N. W. 578. See, also, Betts & Co. v. Richardson (S. C.) 99 S. E. 815, and Jackson v. Lewis, 34 S. C. 1, 6, 12 S. E. 560, where there was not the slightest taint of actual or moral fraud in the transact'on, under the principle of law herein first above announced. McCasky v. Potts (W. Va.) 64 S. E. 908.

In Baldwin v. Kingston, 247 Fed. 163, construing the law of New Jersey, it was held

a voluntary conveyance was voidable at the instance of an existing creditor, irrespective of intention or solvency. To the same effect is Williams v. Travis, 277 Fed. 134, wherein the law of Florida is construed.

The case of Allen v. Overton et ux. (Ala.) 94 So. 477, holds:

"A voluntary conveyance as to creditors existing when executed and delivered is void per se without regard to the intention of the parties, unless the property is exempt from payment of debts of the grantor."

So in Pennsylvania (American Trust Co. v. Kaufman [Pa.] 119 A. 479); and in Oregon (Clark v. Philomath College [Ore.] 193 P. 470).

In Myers v. Harness, 116 Okla. 268, 244 P. 1109, it was held:

"Purchasers of land which has been fraudulently transferred to their grantor must establish the good faith of their purchase, and it cannot be presumed."

In the well-considered case, Harris, Trustee. v. Harmon et al., 134 Okla. 116, 272 P. 383, this court, speaking through Justice Riley, adopted and approved the foregoing principles of law and the construction of said section 5271, C. O. S. 1921 (9697, O. S. 1931), in so far as it affects the case at bar, so we will now consider the facts as reflected by the records.

Plaintiff and defendant announced ready upon their petitions, answers, and replies. and the jury was duly impaneled, but at the close of the case on behalf of plaintiff, defendant demurred to the evidence. which was promptly overruled by the court, after which she immediately rested her case. The court then discharged the jury, stating that the case was one in equity and was not a matter for a jury. No objection was made to the action of the court. Immediately thereafter, both plaintiff and defendant moved the court to render judgment in his or her favor, whereupon the court found for defendant. In due time a motion for a new trial was filed and overruled by the court and judgment in favor of defendant duly entered, and from that action of the court, this appeal is taken.

Thus the only question before this court is whether or not plaintiff's evidence was sufficient to sustain a judgment in his favor.

From examination of the records, we observe that a transcript of the testimony of Andrew Hurd Ash and of Cora McReynolds, defendant herein, is included in the case-made, but nowhere therein is it shown that the testimony of Andrew Hurd Ash was offered in evidence or where any of the testimony of the said Cora McReynolds was offered except a few questions and answers offered by plaintiff and admitted by the court as admissions against interest. That being true, this court will disregard and refuse to consider any portion of the testimony of the two parties mentioned except such as was offered and admitted in evidence and read into the record. Both plaintiff and defendant have referred to and quoted from this transcript in their brief and devoted considerable space to the discussion of statements not in evidence.

Since, on appeal, the names of the parties appear as they did in the trial of the cause, in this discussion we will refer to them as they appeared in the lower court.

The testimony in this case discloses that sometime during the month of February, 1926, one Andrew Hurd Ash and his son became indebted to the Bank of Seneca, a banking corporation located and doing business at Seneca, Mo., which indebtedness was evidenced by a promissory note, payable to said bank, duly signed by the said Andrew Hurd Ash and his son, F. E. Ash; that thereafter, to wit, on or about the 26th day of February, 1927, said Andrew Hurd Ash and his son executed their promissory note in the sum of $3,200, payable to the said Bank of Seneca, which was a renewal of the indebtedness incurred by them to said bank in February, 1926, and which said indebtedness has never been discharged; that during the month of February, 1926, and at the time the said Ash contracted the said indebtedness evidenced by said note payable to the said Bank of Seneca, he was the owner of 280 acres of land situated in Delaware county, Okla. Later, joined by his wife, he executed a warranty deed in favor of his daughter, Cora McReynolds, defendant in error, purporting to convey a 120-acre tract of land other than his homestead, and reciting in said deed a consideration of one dollar and love and affection. Witness Davis testified, in substance, and his evidence is uncontradicted, that shortly prior to the execution of said deed he was informed by grantor that his son, F. E. Ash. had "broke him up," and that his daughter, Cora, defendant in error, was insisting that he deed her the 120-acre tract of land, and at the same time stated that the Bank of Seneca was causing him some trouble and he wanted to deed her the land before it

was too late. It is also shown by the evidence that in the schedules filed at the time he was adjudged a bankrupt, on his voluntary petition, that he listed as his only unsecured claim that of the Bank of Seneca, which was duly allowed; and that he listed no property as assets which were not claimed as exempt; and that plaintiff is the duly appointed, qualified, and acting trustee of said bankrupt estate, with a few authorities to institute and prosecute this cause.

Defendant urges in support of the judgment of the trial court:

(1) That plaintiff's action is barred by the statute of limitation.

(2) That since the Bank of Seneca assigned the note, the basis of the claim, to the State Bank of Seneca, it ceased to become a creditor within the meaning of the statute, although the State Bank of Seneca later re-assigned the note to the original payee.

(3) That the evidence introduced supports the judgment.

We are unable to agree with defendant on either of these propositions. Since the action of plaintiff is in the nature of a creditors' bill, his cause of action arose and the statutes began to run only after a final judgment had been entered, the defendant being insolvent. Indian Land & Title Co. v. Owen, 63 Okla. 127, 162 P. 818, and since this action was instituted within five years thereafter, the statutes of limitation do not apply.

Second. The evidence disclosed that subsequent to the conveyance complained of, the Bank of Seneca encountered financial difficulties and with the consent of the Banking Department of Missouri transferred its assets, including this note, to the State Bank of Seneca for the purpose of liquidation, and that thereafter the said note was returned to the said Bank of Seneca and a claim based upon said note filed by the said bank, which was by the referee in bankruptcy duly allowed. We find nothing in the evidence to justify the conclusion that the Bank of Seneca ever parted with title to this note or that the State Bank of Seneca ever acted other than as trustee for the said bank in attempting its collection. This being true, the question raised by the defendant does not apply.

Since, under the evidence, plaintiff made a prima facie case, no evidence having been admitted on his behalf tending to prove a consideration for the execution of the deed, other than "one dollar and love and affection," stated therein; and since defendant neglected, failed, and refused to offer testimony in support of her claim set out in her answer, as required under the universal holdings of this court, we must conclude there is no justification in the record for the finding of the trial court.

The judgment is therefore reversed, with directions to hold void, cancel, and set aside the conveyance of July 10, 1926, from Andrew Hurd Ash and Mattie Ash to Cora McReynolds.

The Supreme Court acknowledges the aid of Attorneys E. H. Gipson, D. W. Tracy, and T. R. Wise in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gipson and approved by Mr. Tracy and Mr. Wise, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.