## WHITE et al. v. EXCHANGE NAT. BANK et al.

No. 24276.   March 12, 1935.

Rehearing Denied April 30, 1935.

Application for Leave to File Second Petition for Rehearing Denied May 21, 1935.

Bailey & Hammerly, W. E. Latimer, V. P. Crowe, and E. C. Chastain, for plaintiffs in error.

Wm. G. Davisson, for defendant in error Exchange National Bank.

Chapman & Chapman, for defendant in error Shawnee National Bank.

PER CURIAM.   This action was commenced in the district court of Grady county, on the 21st day of July, 1927, by the Exchange National Bank of Ardmore, Okla., as plaintiff, against H. M. White and Clifton G. White, as defendants. On August 19, 1927, the Shawnee National Bank of Shawnee, Okla., filed its petition in intervention, the effect of which was to place the Shawnee National Bank in the same position as the Exchange National Bank as a party plaintiff. The plaintiff's petition and the petition in intervention were in the nature of creditor's bills, to cancel certain conveyances alleged to have been made in fraud of creditors and to subject certain real property alleged held secretly and in fraud of creditors to the payment of the claims

of plaintiff and intervener. Both petitions allege an indebtedness of Clifton G. White to plaintiff and intervener; that he was and is insolvent; that certain property held by H. M. White, daughter of Clifton G. White, and generally known as Marjorie White, was being held by H. M. White secretly and in trust for Clifton G. White, and that the same had been conveyed by one Horsman to H. M. White at the request of Clifton G. White, for the wrongful and fraudulent purpose of hindering, delaying, and defrauding the creditors of the said Clifton G. White and the placing of the land beyond the reach of his creditors. The plaintiff alleges that at the time of the filing of this action there was pending in the district court of Murray county, Okla., a cause of action against the defendant Clifton G. White upon the notes described in the plaintiff's petition aggregating the approximate sum of $10,412.68. The petition of the Shawnee National Bank alleges the existence of an indebtedness by Clifton G. White, to wit, notes in the approximate sum of $7,320.43.

After the commencement of this action and before the trial of the cause, a supplemental petition was filed by the plaintiff setting up and alleging that judgment had been rendered in the district court of Murray county, Okla., upon the alleged indebtedness.

The Shawnee National Bank in this action set out the notes sued upon and asked for judgment, both upon the notes and for the cancellation of the fraudulent conveyances and the sale of the real estate described in the petition in satisfaction of the judgment.

A receiver was asked for in this action and appointed.

Defendant Clifton G. White filed a disclaimer in this action.

The defendant H. M. White filed an answer, containing: First, a general denial; second, alleging that she was the daughter of Clifton G. White, and that she purchased said land on the 17th day of August, 1923, and denied that Clifton G. White had any interest therein; that she did not know of the indebtedness of Clifton G. White and at no time did she aid or assist in covering up the property of Clifton G. White, and further setting forth that this action was prematurely brought, and that the petition did not state facts sufficient to constitute a cause of action; that she recorded the deed from Horsman to herself on September 4, 1923, and had at all times openly and notoriously held herself to be the exclusive owner of said land. There was also a plea of the statute of limitations.

Clifton G. White died August 31, 1928, during the pendency of this action, and apparently left surviving him his wife, Effie B. White, H. M. White, or Marjorie White, and Mildred M. McClure, his daughters, as his only heirs at law. After the death of Clifton G. White, Effie B. White was appointed administratrix of his estate. Effie B. White died June 10, 1929, and H. M. White, or Marjorie White, was appointed administratrix of both estates; that Marjorie White died in August, 1929, and Mildred M. McClure was appointed administratrix of all estates.

The case was tried before the Honorable Will H. Linn, district judge of the district court of Grady county, Okla., upon the pleadings, and judgment was rendered in favor of the plaintiff and intervener for the amount of their claims and for the cancellation of the deed of August 17, 1923, from Horsman to H. M. White, and subjecting the real estate to the payment of the plaintiff's claims and judgments. Motion for a new trial was filed and overruled and this appeal lodged in this court.

Consideration of the testimony in the case discloses that, in the year 1919, one Boyd Horsman, Clifton G. White, and J. R. Manning purchased the real estate involved in this action, and the title thereto was taken in the name of Horsman for the use and benefit of the three purchasers, in equal parts. This state of affairs existed until the 10th day of October, 1922, when Clifton G. White and J. R. Manning executed quitclaim deeds to the property to Horsman for a recited consideration of $1. Horsman testified that, at the time of the execution of the quitclaim deeds from White and Manning to Horsman on October 10, 1922, it was for the purpose of getting rid of Manning, and that the property would thereafter be owned by White and Horsman. Horsman further testified as to the execution of the deed dated August 17, 1923, from Horsman to H. M. White, that he made the deed at the request of Clifton G. White, and that H. M. White, or Marjorie White, was not present, and that he, Clifton G. White, was in "bad financial shape and his creditors were after him." This testimony was not denied by any witness.

It is undisputed that H. M. White and Marjorie White were one and the same person, and that she was the daughter of Clifton G. White and a member of his family,

of about 20 years of age when the deed of August 17, 1923, was made; that she was known as Marjorie White to all of her friends and acquaintances, and not H. M. White.

The undisputed testimony is that oil was discovered upon this land in about the year 1925, and that the said Horsman and C. G. White sold a part of the oil and gas royalties for the sum of $3,000, and that out of said money a mortgage was paid to the Conservative Loan Company of Shawnee, Okla., that represented the original investment in said land. Marjorie White appears to have had little to do with this transaction other than to sign the royalty deed at the request of Clifton G. White.

It is also undisputed that neither of the judgment creditors had any notice or knowledge of this property until a short time before the filing of this action on the 21st day of July, 1927.

It is also undisputed that Clifton G. White was insolvent on the 17th day of August, 1923, and had been in bad financial condition prior thereto, and that he was insolvent at the time of the filing of this action; in fact, Clifton G. White in his deposition admitted his insolvency.

After a careful study of the evidence in this case, we cannot say that the findings of the trial court are clearly against the weight of the evidence. In fact, we approve the findings of the trial court as being correct under all of the testimony in this case. The plaintiff in error complains that this suit was prematurely brought; that an action in the nature of a creditor's bill cannot be maintained in this state until a judgment has been rendered in a court of competent jurisdiction and execution issued and return made no property found. With this contention we cannot agree. This court has decided in the cases of Adams v. Wallace, 94 Okla. 73, 220 P. 872, and First National Bank v. Little, 122 Okla. 37, 250 P. 799, that, in an equitable proceeding to set aside fraudulent conveyances based upon the insolvency of the debtor, prior judgment and execution issued thereon are not necessary.

This doctrine has also been announced by the United States Circuit Court of Appeals, for the Eighth Circuit, in the case of Williams v. Adler-Goldman Com. Co., 227 F. 374, and in the case of Case v. New Orleans & C. R. Co., 101 U. S. 688, 25 L. Ed. 1004.

In the latter case the court uses this language:

"But, after all, the judgment and fruitless execution are only evidence that his legal remedies have been exhausted or that he is without remedy at law. They are not the only possible means of proof. The necessity of resort to a court of equity may be made otherwise to appear."

It appears to this court that this transaction was conceived in fraud; the land secretly held by Horsman; that Manning was a victim of the fraud; that the conveyance in 1922 from Clifton G. White and Manning to Horsman was a badge of fraud; that the conveyance in 1923 from Horsman to H. M. White, who was none other than Marjorie White, was for the purpose of carrying out the fraudulent concealment of the property; that the organization of the Park Investment Company and the purpose for which it was used, are indicative of fraud. In fact, an examination of the entire record forces us to the conclusion that the acts of Clifton G. White and Marjorie White, assisted by Horsman, were not in good faith toward creditors of Clifton G. White. We can come to no other conclusion than that Clifton G. White and Marjorie White were concealing this property from creditors of Clifton G. White, and that the conveyance from Horsman to H. M. White was made for that purpose.

We therefore hold that this action was not prematurely brought, but was properly commenced; that a prior judgment is not a condition precedent to bringing the action, where the defendants are insolvent and the object is to establish a trust and to subject property held in fraud of creditors to the payment of the creditors' claims.

Having determined that the defendants were guilty of fraudulent concealment of the property, the subject of this action, we then turn to a consideration of the testimony in the case as to when the plaintiffs discovered the fraud and concealment. We think the record clearly discloses that this discovery was made about July, 1927, and that thereafter and within two years this suit was brought. We are, therefore, of the opinion that the plea of the statute of limitations in this action is unavailing.

The record discloses that plaintiffs had no adequate remedy at law. The defendants were denying plaintiffs' claims to subject the property to payment of plaintiffs' notes, even to the extent of refusing to allow them as claims against Clifton G. White's estate, and were denying that the real estate was assets of said estate. There was no record sufficient to charge constructive notice. Par-

ties will not be allowed to fraudulently conceal property and then take advantage of their own fraud by plea of the statute of limitations. The action was commenced in time. Clover v. Neely, 116 Okla. 155, 243 P. 758; Morrissey v. Carter, 103 Okla. 36, 229 P. 510; Oklahoma Farm Mortgage Co. v. Jordan, 67 Okla. 69, 168 P. 1029.

The doctrine of lis pendens is recognized in this state, and where a civil action is properly commenced, having for its object the subjection of real property to the jurisdiction of the court, for the purpose of canceling deeds or other instruments affecting the title, the doctrine applies, and the commencement of the action is notice to the world of the rights thus claimed, which rights may thereafter be reduced to judgment and enforced. Shufeldt v. Jefcoat, 50 Okla. 790, 151 P. 595; Stuart v. Coleman, 78 Okla. 81, 188 P. 1063.

As we have previously remarked, we cannot say that the judgment of the lower court is against the weight of the evidence. In fact, we approve the judgment of the lower court.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. L. Cheatham, Lawrence L. Jones, and Fletcher M. Johnson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cheatham and approved by Mr. Jones and Mr. Johnson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.