## McROBERTS et al. v. UPSHER & UPSHER.

No. 25700.  Oct. 8, 1935.

Rehearing Denied Dec. 3, 1935.

John W. Porter, for plaintiffs in error.

C. A. Ambrister, and John F. Butler, for defendant in error.

RILEY. J. This is an appeal from a judgment and decree canceling certain deeds conveying real property in Muskogee county from J. M. McRoberts to Sam McRoberts, and a real estate mortgage executed by J. N. McRoberts and wife to Frank M. McRoberts.

On or about August 12, 1926, J. N. McRoberts, with others, executed a bond to Upsher & Upsher, whereby they guaranteed prompt payment by W. Wirt Hooker & Company of all money said firm might collect by reason of being agent for said Upsher & Upsher. W. W. Hooker & Company made default in payment. Thereafter on September 8, 1927, Upsher & Upsher commenced an action against said W. W. Hooker & Company and the sureties on said bond, including J. N. McRoberts.

On September 9, 1931, judgment was entered against the principal and sureties in the sum of $2,523.38, with interest at 6 per cent. per annum from September 19, 1928.

On August 25, 1927, shortly before said suit was commenced, J. N. McRoberts, joined by his wife, executed two deeds purporting to convey the property here involved to his brother, Sam McRoberts. The consideration expressed in one deed was $30,000, in the other, $5,000.

Just prior to the execution of said deeds J. N. McRoberts and Mattie McRoberts, his wife, executed and delivered their promissory note to Frank M. McRoberts in the sum of $4.000, and executed and delivered to said Frank M. McRoberts a mortgage covering a part of the lands here involved to secure said note.

After final judgment was obtained on said bond, execution was issued against J. N. McRoberts, and the sheriff's return showed "no property found."

Thereafter, on July 6, 1932, this action was commenced to cancel and set aside the conveyances and mortgage above mentioned. The prayer in the petition, however, asked only the cancellation of the two deeds.

The grounds relied upon were that the conveyances and mortgage were executed without consideration and for the purpose of hindering, delaying, and defrauding plaintiff.

It was further alleged that Sam McRoberts and Frank M. McRoberts had no beneficial interest in the property, and that the interest they purported to hold was for the use and benefit of defendant J. N. McRoberts.

The answer admitted the judgment against J. N. McRoberts and that execution against him was returned "no property found." It further pleaded that the conveyance and mortgage attacked by the petition were executed for the consideration therein expressed, and not for the purpose of hindering, delaying, or defrauding plaintiff in the collection of said judgment.

At the trial, aside from the admissions in the pleadings, evidence was introduced tending to show that Sam McRoberts lived in New York City; was the brother of J. N. McRoberts. Sam was engaged largely in dealing in securities. From about January, 1912, to July 1, 1919, Sam McRoberts had loaned or advanced to his brother J. N. McRoberts, at various times some $44,733, which, with interest down to 1927, amounted to about $68,000; that for sometime prior to February, 1927, the matter of settlement of this indebtedness had been under discussion between Sam and his brother, J. N.; that in February of that year Sam was in Muskogee, and they arrived at an agreement whereby J. N. was to convey the property to Sam in full settlement and discharge of the indebtedness. At that time they agreed that J. N. owed Sam around $65,000; that the deeds were finally executed in consummation of that agreement; that the reason the consideration was placed in the deeds at $30,000 and $5,000, respectively, was that they agreed that was about the value of the property. The evidence shows that Sam McRoberts had kept a set of books showing each charge against J. N. McRoberts. Photostatic copies of the book entries were introduced in evidence. There is also evidence tending to show that after the deeds were executed and placed of record, J. N. McRoberts continued in control, if not actual possession, of the premises described in the deeds; that he collected all the rents and income therefrom; that as to outward appearances there was no change in the manner of handling the property, collecting rents, making repairs, paying taxes, etc., after the conveyances were made.

As to the mortgage, the evidence shows that just before J. N. McRoberts executed the two deeds, he made and executed the note to Frank M. McRoberts, and executed the mortgage to secure same. Frank M. McRoberts, in turn, endorsed the note and assigned the mortgage to the First National Bank of Muskogee. The bank issued its check for the $4,000, and the proceeds were deposited to the credit of Mrs. J. N. McRoberts. The money was afterwards checked out by Mr. and Mrs. J. N. McRoberts for their personal use.

At the date of trial the note had been re-

duced to $2,000. The payments had been made by J. N. McRoberts from rents and income from the property involved in this action.

The court made findings of fact, in which are the following:

"The court further finds that defendant Sam McRoberts loaned to J. N. McRoberts a large amount of money during a period beginning in 1912, and ending July 21, 1919; that no interest was ever paid by J. N. McRoberts on said amounts; that in 1927, after the liability upon the bond above mentioned had become known to J. N. McRoberts and to Sam McRoberts, the defendant J. N. McRoberts transferred to Sam McRoberts by deeds and executed a mortgage to Frank McRoberts on all the properties he owned with the exception of his homestead; that after the execution of the deeds and mortgages that J. N. McRoberts continued to manage the property and use the profit received from the same for his own use and benefit and for the benefit of his family as he saw fit, and that he had never made an accounting to his brother for any of the funds received from said property, but had continued to use it as his own and has exercised every act of ownership over it.

"The court further finds that J. N. McRoberts has paid all the interest that has been paid upon said note and mortgage and that all the dealings had with the holder of said mortgage have been conducted by J. N. McRoberts and not by the other defendants.

"The court further finds that said transfers were made with the intention and purpose of defrauding and delaying the creditors especially the plaintiffs in this case, Upsher & Upsher, and that said parties had made said conveyances for the specific purpose of hindering, delaying, and defrauding the creditors, especially the plaintiffs in this cause.

"The court further finds that said transfers should be and the same are hereby set aside, vacated, and held for naught, and that J. N. McRoberts be and is hereby declared to be the owner of the legal and equitable title in said properties subject to the payment of the debts to the plaintiffs herein."

Judgment and decree was entered accordingly canceling both deeds and the mortgage, and defendants appeal.

As to the mortgage, there was no evidence justifying the cancellation thereof. The bank was the owner of the mortgage under the evidence, and was not made a party. But aside from that, the evidence shows that $4,000 was received by J. N. McRoberts in consideration of the execution of the note and mortgage. The fact that he made pay-

ment of the interest and principal is no evidence of bad faith on his part. There is no evidence of bad faith on the part of Frank M. McRoberts, or the bank. It is true that Frank M. McRoberts did not in fact furnish the money, but he did indorse the note, and thereby became liable to the bank for its payment.

J. N. McRoberts did receive a present full consideration for the note and mortgage.

Plaintiffs in error cite a number of cases holding in accord with Kentucky Bank & Trust Co. et al. v. Pritchett et al., 44 Okla. 87, 143 P. 338, wherein it was held:

"When a debtor is in failing or insolvent circumstances, he has a right to prefer one creditor in preference to another, and if accepted by the creditor in good faith, such preference will be sustained, even though it has the effect to delay, hinder, or defeat other creditors."

To the same effect is Brittain, Smith & Co. v. Burnham et al., 9 Okla. 522, 60 P. 241.

The case of Lynn et al. v. Brenner, 145 Okla. 188, 291 P. 509, is a case which tends strongly to uphold the contention of plaintiffs in error, and to refute the suggestion of defendant in error that the indebtedness of J. N. McRoberts to his brother, being barred by the statute of limitations, should not be regarded as a bona fide indebtedness sufficient to constitute a valid consideration for the deed.

A number of other cases are cited holding in effect that bona fide indebtedness, though barred by statute of limitations, if the creditors saw fit to claim the bar, may constitute a sufficient consideration to sustain a conveyance of property as against an attack by another creditor.

The evidence shows a fair and valuable consideration. The court in effect so found. The judgment and decree were not based upon a finding that the deeds were not supported by a fair and valuable consideration. But the mere fact that a conveyance is for a fair and valuable consideration does not made such conveyance a valid one as against creditors of the grantor.

Section 5271, C. O. S. 1921, provides:

"Every conveyance of real estate or any interest therein, and every mortgage or other instrument in any way affecting the same, made without a fair and valuable consideration, or made in bad faith, or for the purpose of hindering, delaying or defrauding creditors, shall be void as against all persons to whom the maker is at the time indebted or under any legal liability."

And section 6020, C. O. S. 1921, provides:

"Every transfer of property or charge thereon made, every obligation incurred, and every judicial proceeding taken, with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest, and against any persons upon whom the estate of the debtor devolves in trust for the benefit of others than the debtor."

Under said statutes a conveyance, though supported by a fair and valuable consideration, is void as against creditors of the grantor, if made in bad faith or for the purpose of hindering, delaying, or defrauding creditors.

The decree in this case was based entirely upon a finding that the transfers were made with the intent and purpose of defrauding and delaying the creditors, and especially plaintiff. And that the parties had made said conveyances for the specific purpose of hindering, delaying, and defrauding the creditors, and especially the plaintiff.

The evidence supports these findings, except as to the mortgage.

All the facts and circumstances in evidence must be taken into consideration in determining the intent of the parties. The evidence shows that after the deeds were executed in 1927, down to the date of the trial in February, 1934, more than six years, the grantor, J. N. McRoberts, had continued to manage and use the property as his own, and apply the rents and profits to his own use the same as though the deeds had never been made. He never made an accounting to Sam McRoberts, the grantee; he paid the taxes and some of the principal of the note, which was his personal obligation. The balance he used for his own personal benefit. All this without any protest whatever from the grantee, Sam McRoberts.

From all the evidence, facts and circumstances, it appears that the deeds were never intended to be anything more than mere paper transfers of the record title. All the beneficial use of the property was retained by J. N. McRoberts.

As to the mortgage, there is no evidence that Frank McRoberts, or the bank, to which the mortgage was assigned, knew anything about the claim of Upsher & Upsher against the mortgagor, J. N. McRoberts. The mortgagor was entitled to remain in possession of the property and collect the rents and profits as against the mortgagee until the mortgage was foreclosed as provided by law.

The judgment and decree is affirmed as to the cancellation of the two deeds to Sam McRoberts, and reversed as to the cancellation of the mortgage.

McNEILL, C. J., and BUSBY, PHELPS, and CORN, JJ., concur.