## BERT WHITEIS, Inc., v. MOTOR MORTGAGE CO.

No. 28062.    March 22, 1938.

E. M. Connor, for plaintiff in error.

Joe Houston, for defendant in error.

CORN, J. This is an appeal from a judgment setting aside a purported sale and transfer of personal property on the ground that the same was made to hinder, delay, and defraud creditors. Judgment was for the plaintiff, and judgment creditor, and against the intervener, who claimed title to the property, and the intervener appealed.

The judgment was against W. M. Whiteis and Bert Whiteis, and execution was issued upon the judgment and was returned unsatisfied. The plaintiff then made application to the court for the appointment of a receiver for certain personal property consisting of three Dodge trucks, one Diamond T truck and four oil field trailers, alleging the fraudulent transfer of said property to the intervener, Bert Whiteis, Inc., a newly formed corporation, for which property the corporation issued stock and then transferred the greater portion of the corporate stock to relatives of the debtors. The court appointed a receiver for the property, and said corporation filed a petition of intervention asserting its title to the property. Upon the hearing of said petition of intervention the court found and adjudged the sale of said property fraudulent and vacated the sale.

Under the first proposition of the plaintiff in error it is contended that the court erred in refusing to grant a trial by jury.

It appears that this case is one of equitable cognizance and that the questions of fact are for the court to determine and that a jury trial is not a matter of right. In the case of Tobin v. O'Brieter, 16 Okla. 500, 85 P. 1121, this court held:

"In a case of equitable cognizance, while the judge may call in a jury, or consent to one for the purpose of advising him upon the question of fact, he may adopt or reject their conclusions as he sees fit, and the whole matter must eventually be left to him to determine. It is not only the right, but the duty of the court, to determine all questions of fact, as well as of law."

In 27 C. J. 837, section 783, it is said:

"In accordance with the rule that in equity cases the court determines both the law and the facts, and that the submission of issues of fact to a jury for an advisory verdict rests in the discretion of the court, and is not a matter of right. * * *"

Further, in 35 C. J. 167, section 40, the following statement of the law is found:

"* * * Ordinarily, however, suits to set aside sales and conveyances of property on the ground that they were made for the purpose of defrauding creditors are held to belong to the jurisdiction of equity and to be triable by the court without a jury."

Therefore, it does not appear that the court erred in refusing to grant the intervener a trial by jury.

The plaintiff in error further contends that the order and judgment of the court is against the evidence and the law and is not sustained by the evidence.

According to the testimony of Bert Whiteis, he is president of the corporation, and W. M. Whiteis is vice president, and E. L. Whiteis is secretary and treasurer, the latter two being son and daughter of Bert Whiteis. He testified that in the organization of the corporation and the transferring of said property to it, he had no intention of defrauding his creditors, yet he refused to allow the corporation to execute a note and mortgage to the judgment creditor or in any way to pay or obligate itself to pay the judgment. His good intentions are contradicted by his conduct as chief executive officer of the corporation in his refusing to permit the corporation to assume the obligation, and that circumstance alone goes to show that the real purpose of transferring the property to the corporation was to hinder, delay, and defraud creditors. The evident purpose of the debtors by this plan was to retain the possession and use of the property and at the same time place the title to the property beyond the reach of the judgment creditors. It is admitted that the transfer of the property rendered the debtors insolvent, and that fact raises the presumption of intent to defraud.

In the case of Wimberly v. Winstock, 46 Okla. 645, 149 P. 238, this court held:

"In such cases, it is often impossible to prove actual fraud and collusion between the parties to the conveyance, when attacked by third persons, by direct and positive evidence; and the attacking party is often compelled, through the inherent necessities of the situation, to rely upon presumptive evidence growing out of indicia and badges of fraud, developed by circumstances attending the transaction; and, therefore, the range of inquiry in such cases must necessarily be very extensive and bring within its scope all the circumstances bearing upon the question."

In 27 C. J. 460, section 94, the text contains this statement:

"A conveyance or transfer in fraud of creditors may be effected by the fraudulent organization of a corporation and the transfer of property to it in exchange for stock."

The facts and circumstances in this case are such that this court cannot place the stamp of approval upon the transaction. We regard the findings and judgment of the trial court amply supported by the evidence.

In the case of Beam et ux. v. Farmers' & Merchants' Bank, 121 Okla. 164, 165, 249 P. 325, this court held:

"In a case of purely equitable cognizance, the findings and judgment of the trial court will not be disturbed on appeal, unless the same are clearly against the weight of the evidence."

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and PHELPS, GIBSON, and HURST, JJ., concur.