BRAZELTON et al. v. LEWIS et al.

No. 30667. March 23, 1943.

Rehearing Denied May 25, 1943.

Application for Leave to File Second Petition for Rehearing Denied June 8, 1943.

137 P. 2d 905.

Charles Hill Johns, John Barry, C.

W. King, and Wm. L. Murphy, all of Oklahoma City, for plaintiffs in error.

Twyford & Smith, William J. Crowe, and Pierce, McClelland, Kneeland & Bailey, all of Oklahoma City, for defendants in error.

WELCH, J. Omitting nonessential statement of details of pleading, intervention, and the adding of parties, this cause came to issue between creditors of one Sautbine, hereinafter referred to as plaintiffs, and Sautbine and others, hereinafter referred to as defendants.

The several tracts or items of real estate involved were shown by the records to belong to relatives and friends of Sautbine, but were wholly managed and controlled by him.

Plaintiffs contended that the property, although standing of record as the property of others, was in truth and in fact the property of Sautbine, and subject to execution to pay judgments against him.

Defendants contended that the property, although managed and controlled by Sautbine, was owned by the others, and was managed by Sautbine as their agent.

Upon this fact controversy a duly appointed referee heard evidence of many details and many transactions. He made general and specific findings in favor of plaintiffs at substantial length which need not be repeated. The trial court approved same in rendering judgment for plaintiffs.

On review we have examined the record. Over a long period of time Sautbine wholly managed and controlled these properties. There was evidence of his control in the acquisition and conveyance and reconveyance of various of the properties; and of conveyance at his direction to enable grantees to schedule on supersedeas bonds for him; and as to commingling of funds, rents collected, repair bills and expenses; and as to entire lack of bookkeeping; and as to large and small transactions in cash; and as to lack of accounting by Sautbine as agent for his

relatives or friends; and as to lack of knowledge on their part as to important acts and transactions of Sautbine, now said to have been done by him as their agent, for them, in reference to their privately owned property.

In some instances substantial sums in cash handled by Sautbine were said to belong to the others, but such statements were not supported by evidence as to the source or origin of the money.

Practically all this evidence is undisputed. Effort was made to explain it by statements and evidence as to Sautbine's all-inclusive authority, and unrestrained permissive handling of the properties, based upon his extensive business experience and the great trust and confidence reposed in him by the others. Those explanations, however, were not sufficient and did not contain merit, in the view of the referee and of the trial court.

The record is voluminous and we deem it unnecessary to make further specific reference to the evidence. There was ample evidence to sustain the conclusion of the referee and trial court that these items of real estate were the property of Sautbine and were handled by him in the names of his relatives and friends, either as an expedient of business, or to conceal the same from his creditors and to preserve same from execution to satisfy judgments against him. It is suggested that it would strain credulity to reach any other conclusion, in view of the many details of transactions shown in the evidence. Be that as it may, we have no difficulty in finding that the conclusion in favor of plaintiffs was not clearly against the weight of the evidence, and upon the facts we must leave the matter as concluded by the trial court.

Defendants urge that plaintiff's action should be held barred by the statute of limitations, but there was ample evidence of concealment by defendants as to discovery by plaintiffs, and that contention was properly disposed of in the trial court upon the conclusion there reached as to concealment and as to discovery. Caldwell v. I. T. I. O. Co., 187 Okla. 523, 104 P. 2d 237; Liberty Nat. Bank v. Lewis, 172 Okla. 103, 44 P. 2d 127, and White v. Exchange Nat. Bank, 172 Okla. 331, 44 P. 2d 935.

Defendants urge that the instances of interrogation of witnesses by the referee demonstrated his bias and prejudice. However, we find all such instances justifiable as good faith efforts to ascertain the facts in view of the many details covered by the evidence. On this point defendants rely on Twin City Fire Ins. Co. v. First Nat. Bank, 145 Okla. 293, 292 P. 833. We there sustained a somewhat similar contention, but the fact statement in the opinion fully justified it. No such facts are here shown.

Defendants urge that no inference of fact should be drawn from premises which are uncertain, and that plaintiffs could not recover except upon evidence which was clear, unequivocal and decisive. For the reasons above stated, we observe no violation of those rules.

The other defendants complain that improper evidence was admitted, in that testimony was received as to Sautbine's statement identifying some of the properties as his own by a statement outside the presence of the other defendants. We regard this evidence as wholly insignificant, in view of the great amount of evidence properly admitted and amply sufficient to justify the conclusion of the trial court. Any error in this regard was harmless.

Finding no reversible error, the judgment is affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and OSBORN, JJ., absent.