James L. YOUNG, Trustee, Plaintiff in Error,

v.

Charles MAYFIELD et al., Defendants in Error.

No. 37485.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Sept. 24, 1957.

Fischl & Culp, Ardmore, Julian E. Simons, Dallas, Tex., Allen G. Nichols, Wewoka, for plaintiff in error.

Horsley, Epton & Culp, Roff & Roberts, H. W. Carver, Wewoka, Stevenson, Huser & Huser, A. M. Woodford, Holdenville, Charles A. Sims, W. B. Edwards, Seminole, W. D. Hart, Pauls Valley, James M. Sandlin, Duncan, A. W. Trice, Lawrence Green, Busby, Stanfield, Busby & Deaton, Carloss Wadlington, Kerr, Lambert, Conn & Roberts, Ada, for defendants in error.

PER CURIAM.

Prior to June 24, 1953 Lichlyter and Barbre were engaged in the development of an oil and gas lease in Seminole County. On that date, to secure the dismissal with prejudice of an action brought against them by Marshall, Buchanan and Morris, who were seeking to establish a mining partnership with them in the development of the lease, Lichlyter and Barbre executed and delivered two assignments to James L. Young, Trustee, on behalf of Marshall, Buchanan and Morris. One of the assignments was $5,000 of the money held by the oil run purchaser as credit for oil already purchased from the lease. The second assignment was $50,000 of the future oil runs from the lease. The Trustee immediately forwarded this $5,000 assignment to the oil run purchaser, by whom it was received on July 20, 1953, at which time it was indebted to the lease owners for more than the amount of the assignment. The oil run purchaser notified the assignee that it was holding the proceeds pending approval of title.

On August 28, 1953 an action was filed by one of the defendants in error to foreclose its lien on the leasehold resulting from labor and materials furnished in the development of the lease. Many other lien claimants, as well as the Trustee, who is plaintiff in error, were made parties to the action on the ground that they claimed some interest in the lease. Before service of process was accomplished on the various parties, the lien claimant secured the appointment of a receiver for the lease, caused the oil purchaser to be made a party to the action, and secured an order that the oil purchaser pay to the receiver all proceeds from oil runs "heretofore or hereafter" purchased by it from this lease. The oil purchaser complied with this order and paid to the receiver all money held by it, including the $5,000 assigned to plaintiff in error. Subsequently, plaintiff in error filed his answer and cross-petition against the oil purchaser and the receiver seeking the recovery of the money assigned him. To this cross-petition the lien claimants answered, alleging that the assignment was fraudulent and void as to creditors of the lease owners; that the persons for whom the assignment was made were mining partners of the assignors and thus liable for the debts created in the development of the lease. Thereafter the amount of the various liens was established and the liens foreclosed and the property sold. When sold, the lease did not bring enough to satisfy all claims. The issues on the Trustee's cross-petition were tried after the determination of the amount of the liens and after judgment had been rendered against the record .owners of the lease. Upon trial of the issues on the cross-petition the court rendered judgment denying the claim of the Trustee to the money in the hands of the Receiver. In the order overruling the motion for new trial the court also ordered, without objection by any party, that an amount sufficient to pay the Trustee's claim be retained by the receiver pending this appeal.

■ The first proposition urged in the appeal is that the lien claimants were not

proper parties to defend against the Trustee's cross-petition against the receiver. In the Trustee's reply to the lien claimants pleadings, the lien claimants right to question the validity of the assignment was raised, but it does not appear that the court was ever asked to rule on the issue presented. Under the familiar rule stated in United Transports, Inc., v. Jett, 193 Okl. 399, 144 P.2d 110, no question of reversible error is presented by this assignment.

 It is, of course, settled that liens against the lease are not liens on proceeds of oil runs from the lease. Garey v. Rufus Lillard Co., 196 Okl. 421, 165 P.2d 344. But these answers to the Trustee's cross-petition are in the nature of a creditor's bill to recover assets of an insolvent, and were so considered by the parties, and the trial court in the trial of the case. It was pleaded that the mining partners were insolvent at the time of the assignment and that the transfer operated as a fraud on the partnership creditors. The money is being held by the court for its rightful owners, and the lien claimants and judgment creditors are entitled to attack the assignment as fraudulent. White v. Exchange National Bank of Ardmore, 172 Okl. 331, 44 P.2d 935.

The plaintiff in error's second and third propositions present the real issue in this action. In substance, it is urged that the assignment vested title to the $5,000 in the Trustee and that the evidence is insufficient on any theory to sustain the judgment denying his recovery. On the other hand, the defendants in error urge that the judgment is not against the clear weight of the evidence.

 As we have already noted, the lien claimants had no lien on the proceeds from the oil runs in the hands of the purchaser. The issue presented, however, is: Was the assignment void as to the partnership creditors? The evidence is undisputed that the assignment was executed to Young as Trustee for Marshall, Buchanan and Morris, to secure the dismissal with prejudice by them of their action seeking

to establish a mining partnership with Lichlyter and Barbre in the development of the lease, and for an accounting. The lien claimants' answer to the cross-petition in the instant case alleged the existence of this partnership, and since it was not denied by a verified denial it has been admitted. 12 O.S.1951 § 286. There was also testimony to the effect that the partners were admittedly insolvent at the time the assignment was executed and, although this condition was disputed by plaintiff in error, there is sufficient testimony to establish the fact.

 Where a partnership exists, as a general rule, if the firm is not solvent, every act of the partners which is destructive of the right of the firm creditors to have the partnership assets applied to the satisfaction of their demands, and which, as a result, hinders, delays and interferes with the assertion of this right, is a fraud upon the creditors by operation of law. So, it has been held to be a fraud on creditors to permit a partner to withdraw firm funds when the partnership is insolvent. Baily v. Hornthal, 154 N.Y. 648, 49 N.E. 56, 58. In the Baily case the court quotes from Lindley on Partnership, Sec. 573, as follows:

"The present share of a partner in an insolvent firm is obviously less than nothing, whatever may be the amount of the capital brought in by him. Consequently, a partner who retires from an insolvent firm, and withdraws from it a sum of money which he is pleased to call his share, is defrauding the creditors of the firm."

This statement is substantially the statute of this jurisdiction under which a partner is entitled to his share of the assets remaining after paying the partnership debts. 54 O.S.1951 §§ 5 and 6. First Nat. Bank of Ft. Smith, Ark. v. Dunklin, 146 Okl. 81, 293 P. 541. Partners are jointly liable for firm debts, 54 O.S.1951 § 40, and we have held that generally a judgment must be satisfied out of the partnership assets before resort can be had to the individual's property. Thus, from this point of view,

the necessary consequence of a transfer of partnership assets to the trustee for a partner in settlement of the partners relations inter se, the partnership then being insolvent, would be to hinder and delay or defraud the firm creditors. Shelby v. Ziegler, 22 Okl. 799, 98 P. 989. Here, Marshall, Buchanan and Morris, as partners in the development of the lease, had no valid claim to assets of the insolvent partnership as against its creditors. Baily v. Hornthal, supra; Franklin Sugar Refining Co. v. Henderson, 86 Md. 452, 38 A. 991; Kelley v. Flory, 84 Iowa 671, 51 N.W. 181; Cox v. Peoria Mfg. Co., 42 Neb. 660, 60 N.W. 933; Elliott v. Stevens, 38 N.H. 311; In re Kempter, L.R. 8 Eq. 286. In Partners & Partnership, Barrett & Seago, Ch. 5, Sec. 3.1, the following appears:

"A conveyance of firm property by the partnership to an individual partner must be viewed in terms of the creditors of the firm. The rights of creditors must be considered in terms of the position of the partnership of what that position would be after the conveyance has been made. If there be adequate security for the debts of the partnership, after the conveyance has been made, a creditor has little basis for complaint.

"The crux of the situation is the matter of the solvency of the partnership as well as the solvency of the individual partners. If either be insolvent at the time of the contemplated transfer, then the rights of creditors should be protected and the weight of authority is to this effect."

■ ■ Our statute provides that "Every transfer of property * * * with intent to delay or defraud any creditor * * * is void against all creditors * *." 24 O.S.1951 § 5. All facts and circumstances must be taken into consideration in determining the intent of the parties. McRoberts v. Upsher & Upsher, 175 Okl. 145, 52 P.2d 1070. In view of the insolvent condition of the partnership the transfer to the Trustee is itself strongly persuasive of the parties intent, for this was nothing more than a passive trust. Shelby v. Ziegler, supra. This is especially true where all parties had knowledge of the insolvent condition of the partnership. This action is not altogether unlike Bert Whitcis, Inc., v. Motor Mortg. Co., 182 Okl. 384, 77 P.2d 698, 699, in which we said: "* * * It is admitted that the transfer of the property rendered the debtors insolvent and that fact raises the presumption of intent to defraud." See also, Gaines v. Gaines, 194 Okl. 343, 151 P.2d 393. In view of the aforementioned authorities and the facts in this case, we cannot say that the judgment is unsupported by law or against the clear weight of the evidence.

■ ■ In testimony of the Trustee and his attorney seeking to establish in themselves the beneficial ownership of the assignment was not sufficient to compel the conclusion that a valid, irrevocable and enforceable assignment from Marshall, Buchanan and Morris to Trustee and his attorney had been created. The testimony is subject to the interpretation that they had no more than an agreement that they would be paid out of this fund. This would not create an enforceable assignment. Illinois Powder Mfg. Co. v. Security Bank & Trust Co., 174 Okl. 293, 50 P.2d 411. The judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioner J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

CORN, V. C. J. and DAVISON, HALLEY, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.