DOUGLAS–GUARDIAN WAREHOUSE
CORPORATION, Appellee,

v.

George W. JONES and Bess A. Jones,
Appellant.

No. 10191.

United States Court of Appeals
Tenth Circuit.

Jan. 22, 1969.

Don A. Smith, Fort Smith, Ark. (Thomas Harper, Fort Smith, Ark., on the brief), for appellant.

Gene H. Hemry, Oklahoma City, Okl., and Owen C. Pearce, Fort Smith, Ark. (David A. Stewart and Hemry & Hemry, Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, Chief Judge, PICKETT and HOLLOWAY, Circuit Judges.

MURRAH, Chief Judge.

Douglas-Guardian Warehouse Corporation, a judgment creditor, brought this diversity suit in Oklahoma to set aside conveyances of approximately 1,000 acres of land by its debtor, George W. Jones, to his wife, Bess A. Jones. Warehouse Corporation contends that these conveyances were made without any consideration for the purpose of hindering, delaying or defrauding Warehouse in its claim against Jones and were therefore fraudulent conveyances. In defense, the Joneses denied fraud, asserting that in any event Warehouse was barred by the statute of limitations. The trial court found that the conveyances were fraudulent and that the suit was brought within the statutory time. We affirm the trial court.

In the order of things, we look at the statute of limitations as the first line of defense. The relevant facts and important dates are undisputed: In 1960, Mr. Jones became individually liable on a note to Warehouse; in August, 1963, and January, 1964, Mr. Jones made the subject conveyances to Mrs. Jones; on January 30, 1965, Warehouse obtained judgment on the 1960 note; this suit to set aside the conveyances was commenced on January 25, 1967, within two years of the judgment date. The disputed question is whether 12 Okla.Stat. 95(3) (1961) with its two year limitation on fraud actions commenced to run when the conveyances were made, which would bar the suit, or not until the judgment was obtained, bringing the suit within the two year period.

There is general case law to support six different rules governing the commencement of the statute of limitations in fraudulent conveyance cases: (1) date of discovery of fraud; (2) date fraudulent conveyance was recorded; (3) date creditor's claim for debt reduced to judgment; (4) date judgment execution returned unsatisfied; (5) date fraudulent act was perpetrated; and (6) date creditor's right to enforce debt accrued. See 76 A.L.R. 864 (1932); 100 A.L.R.2d 1094 (1965); and 1 Glenn, Fraudulent Conveyances and Preferences §§ 63–89 (1940).

There is Oklahoma case law tending to support four of these rules, namely: (1) date of discovery of fraud: Martin v. Gassert, 40 Okl. 608, 139 P. 1141 (1914); White v. Exchange Nat. Bank, 172 Okl. 331, 44 P.2d 935 (1935); Brazelton v. Lewis, 192 Okl. 568, 137 P.2d 905 (1943). (2) date fraudulent conveyance was recorded: Paxton v. Hyer, 184 Okl. 407, 87 P.2d 938 (1939). (3) date creditor's claim for debt reduced to judgment: Ziska v. Ziska, 20 Okl. 634, 95 P. 254, 23 L.R.A.,N.S., 1 (1908); Indian Land & Trust Co. v. Owen, 63 Okl. 127, 162 P. 818 (1917); Rye v. McReynolds, 170 Okl. 640, 47 P.2d 897 (1935). And (4) date judgment execution returned unsatisfied: Blackwell v. Hatch, 13 Okl. 169, 73 P. 933 (1903); Akers v. Rennie, 182 Okl. 378, 77 P.2d 1112 (1938).

No case is cited to us nor have we found an Oklahoma case undertaking to reconcile the various inconsistent rules. And it is not the province of this court to undertake to settle the uncertainties and inconsistencies in Oklahoma case law. It is sufficient for our purposes that the Oklahoma federal trial judge held the statute commences to run from the date of judgment and that his view of the Oklahoma law is squarely supported by Oklahoma decisions which have been neither overruled nor distinguished. See Ziska v. Ziska, supra; Indian Land & Trust Co. v. Owen, supra; Rye v. McReynolds, supra. Indeed, this court has construed the Oklahoma cases to hold that although a suit of this nature might have been brought within two years without obtaining a judgment, the limitation is not operative until the judgment is rendered. See Dykes v. Little, 31 F.2d 742 (8th Cir.1928), affirmed on this point, Keaton v. Little, 34 F.2d 396 (10th Cir.1929).

Little need be said in regard to fraud. The Oklahoma court has prescribed some of the indicia or badges of fraud as inadequacy of consideration, insolvency of transferor, relationship of the transferor and transferee, pendency or threat of litigation, and transfer of the debtor's entire estate. See Ebey-McCauley Co. v. Smith, 353 P.2d 23 (Okl.1960); Payne v. Gilmore, 382 P.2d 140 (Okl.1963). The established facts in our case show that Mr. Jones received a letter from Warehouse Corporation on August 19, 1963, advising him that suit would probably be filed that week on his indebtedness; on August 22, 1963, Mr. Jones filed two warranty deeds conveying to Mrs. Jones 525 acres, title to which stood in the name of Mr. Jones only, 475 acres with title in the name of the Joneses, and 20 acres which Mr. Jones owned as a tenant in common with another man; in January, 1964, after litigation had begun, Mr. Jones filed two quitclaim deeds to Mrs. Jones conveying all gas and mineral rights in described lands not included in the warranty deeds; all of this property was heavily mortgaged; Mr. Jones said that he made the conveyances because he wanted to pay his debt to his wife and because he was afraid Warehouse was "going to rock the boat"; at the date of the conveyances and thereafter, Mr. Jones was insolvent; following the conveyances to his wife, Mr. Jones remained in possession of the land; after the conveyances Mr. Jones had very few assets, all of which were heavily mortgaged. As the Joneses contend, a debtor may prefer a creditor in Oklahoma, even a wife, but it is essential that such preference be made and accepted in good faith. See 24 Okla.Stat. 11 (1961); McRoberts v. Upsher & Upsher, 175 Okl. 145, 52 P.2d 1070 (1936). The trial court specifically found that the conveyances were not in good faith. In light of all the circumstances and testimony of Mr. Jones, we cannot say that such finding was clearly erroneous. Indeed, the established facts make out a classical case of fraudulent conveyance.

Affirmed.