**Wilton ESKRIDGE, Appellant,**

v.

**Sara Ruth NALLS, a/k/a Sara Ruth Jackson, Dixie Washington, and Derek Stanford Nalls, Appellees.**

**No. 78616.**

Court of Appeals of Oklahoma,
Division No. 1.

April 6, 1993.

---

1. We also note the incorrect date of death, December 29, 1986, was first recited by Claimant in her first Form 3–A.

Mike Mordy, Ardmore, for appellant.

Michael J. Hester, Ardmore, for appellees.

## MEMORANDUM OPINION

GARRETT, Judge:

Wilton Eskridge (Appellant) obtained a judgment in Federal Court for $150,000.00 against Sara Ruth Nalls a/k/a Sara Ruth Jackson (Jackson) on November 27, 1989. On May 8, 1990, Appellant filed this action in state court against Jackson, Dixie Washington (Washington) and Derek Stanford Nalls (Nalls) (collectively, Appellees).

Generally, Appellant alleged: (1) the Federal Court judgment; (2) he had been unable to collect the judgment; (3) certain fraudulent conveyances should be set aside; and, (4) the property should be recovered, sold, and the proceeds applied on the judgment. In his first cause of action, Appellant alleged that in 1983 Jackson had executed two warranty deeds conveying real property to Nalls; he was defrauded of certain monies in 1981 and 1982 by Jackson; and, the 1983 conveyances constituted fraudulent transfers in violation of the Uniform Fraudulent Transfers Act, 24 O.S.Supp.1986 § 112, et seq. (Act). He sought to set aside those conveyances. In his second cause of action, Appellant alleged that in 1990 Jackson had conveyed certain mineral interests to Washington in violation of the Act. Appellant prayed that this conveyance be set aside.

Appellees entered an appearance and reserved additional time to plead or answer. After discovery, Jackson moved for partial summary judgment as to the first cause of action. The motion did not address the second cause of action. Jackson contended that the first cause of action was barred by the statute of limitations. Appellant objected and denied that the cause of action was barred. The court sustained the motion and entered judgment accordingly.[1] Appellant's motion for new trial was denied.

■ Appellant first contends that "the Appellees waived their right to allege the bar of the statute of limitations by filing their entry of appearance". This contention is not well taken. Affirmative defenses, e.g. statute of limitations, are not waived by filing an entry of appearance. However, objections to the court's jurisdiction are waived. See *Porter v. Bacone College Trust*, 346 P.2d 335 (Okl.1959).

■ Appellant next contends the trial court erred in holding that his action was time barred. He also asserts that judgment in the federal action was not entered until November 27, 1989, and the statute of

---

1. Judgment of trial court adjudicated fewer than all claims. However, the trial court has made an express finding that there is "no just reason for delay" in the appeal as required by 12 O.S.1991 § 1006. The second cause of action is not appealed here.

limitations did not commence to run until that judgment was entered.

24 O.S.Supp.1988 § 121 provides:

A cause of action with respect to a fraudulent transfer or obligation pursuant to the provisions of the Uniform Fraudulent Transfer Act, Section 112 et seq. of this title, is extinguished unless action is brought:

1. Pursuant to the provisions of paragraph 1 of subsection A of Section 116 of this title, within four (4) years after the transfer was made or the obligation was incurred or, if later, within one (1) year after the transfer or obligation was or could reasonably have been discovered by the claimant;

2. Pursuant to the provisions of paragraph 2 of subsection A of Section 116 of this title or subsection A of Section 117 of this title, within four (4) years after the transfer was made or the obligation was incurred;

3. Pursuant to the provisions of subsection B of Section 117 of this title, within one (1) year after the transfer was made or the obligation was incurred; or

4. For the purpose of transfers made or obligations incurred prior to November 1, 1986, the statute of limitations in effect prior to November 1, 1986, shall apply to claims or causes of action based thereon, but in no event shall a claim or cause of action be brought with respect to such transfers or obligations incurred any later than November 1, 1990.

■ Because the transfers were made in 1983, § 121(4) applies. It provides that the statute of limitations in effect prior to November 1, 1986, controls. Prior to that date an action to set aside a fraudulent conveyance was within the purview of the two year statute of limitations (12 O.S.1981 § 95 Third) founded on fraud. See *Rucks–Brandt Const. Corp. v. Silver*, 151 P.2d 399 (1944). Section 95 Third provides:

Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards.

\*     \*     \*     \*     \*     \*

Third. Within two (2) years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; *an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.* (Emphasis added.)

Therefore, the issue to be decided is: When did Appellant's cause of action accrue? Discovery of the alleged fraudulent conveyances is not the dispositive factor in this case. When the deeds were recorded in the office of the County Clerk, all parties had constructive notice of the conveyance. However, we agree with Appellant that his cause of action had not accrued and he had no standing to bring an action to cancel them at that time.

Prior to the enactment of Oklahoma's Uniform Fraudulent Transfer Act in 1986, our Supreme Court had clearly answered the question involved here. Whether the 1986 Act changed the law in this respect is not before us to decide. In *Ziska v. Ziska*, 20 Okl. 634, 95 P. 254 (1908), the Court held, that the plaintiff's action to set aside a previous alleged fraudulent conveyance did not accrue until recovery of a judgment. The *Ziska* Court considered a deed dated November 30, 1901, a later judgment against the grantor, and an action to cancel the deed commenced on January 6, 1905. The action was brought less than two (2) years after the judgment was entered. The Court held the action not to be time barred. In *Indian Land & Trust Co. v. Owen*, 63 Okl. 127, 162 P. 818 (1917), and *Rye v. McReynolds*, 170 Okl. 640, 47 P.2d 897 (1935), this principle was followed. Also see *Douglas–Guardian Warehouse Corporation v. Jones*, 405 F.2d 427 (C.A.10 1969).

■ A part of the reasoning behind these decisions was that a conveyance could not be a "fraudulent transfer" to defraud a creditor until it was judicially

established: (1) the grantor was indebted to the creditor; (2) the creditor was unable to collect the debt from the grantor; and, (3) the reason the creditor was unable to collect the debt was that the grantor had conveyed or transferred his property to a third person in violation of the then existing statutes defining fraudulent transfers. Of course, a transfer of property cannot be such a fraudulent transfer unless it illegally prevents the grantor's creditor from collecting a valid debt.

We express no opinion upon the allegations that the conveyances involved in this action were fraudulent transfers. We express no opinion as to the applicability of the 1986 Fraudulent Conveyances Act to the conveyances involved in this action. We do find the trial court erred in holding Appellant's action to be barred by the statute of limitations. The judgment is reversed and this case is remanded for further proceedings.

REVERSED AND REMANDED.

ADAMS, P.J., and JONES, J., concur.